## THE "ALABAMA" AND THE "GAME-COCK."

Where a collision occurs at sea, each vessel being at fault, and damage is thereby done to an innocent party, a decree should be rendered, not against both vessels *in solido* for the entire damage, interest, and costs, but against each for a moiety thereof, so far as the stipulated value of each extends; and it should provide that any balance of such moiety, over and above such stipulated value of either vessel, or which the libellant shall be unable to collect or enforce, shall be paid by the other vessel, or her stipulators, to the extent of her stipulated value beyond the moiety due from her.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

The case was argued by *Mr. Edwards Pierrepont* for the "Alabama," by *Mr. W. R. Beebe* for the "Game-cock," and by *Mr. John E. Parsons* for the libellant.

MR. JUSTICE BRADLEY delivered the opinion of the court.

Without entering upon a discussion of the evidence in this case, it is sufficient to say, that, having carefully examined the same, we see no reason to be dissatisfied with the conclusions of fact arrived at by the District and Circuit Courts. On the question of blame, the conclusion is, that both the "Alabama" and

the "Game-cock" were in fault, and contributed to the loss; and that the "Ninfa," which was in tow of the "Game-cock," and suffered the loss, was not in fault. On this finding arises the question of law which is of principal interest in the case ; namely, against whom, and in what manner, should the damage be adjudged ? The "Alabama" was a large steamer, and was bonded for $100,000; whilst the "Game-cock" was a small tug, bonded at the stipulated value of $10,000. The loss was found to be about $80,000. The District Court rendered a decree against both for the whole, regarding them as liable *in solido*. The Circuit Court, on appeal, reversed this decree, and divided the loss between them, rendering a decree against each for one-half the amount. The court adopted this division of liability in obedience to the supposed views of Dr. Lushington, in the case of *The Milan*, 1 Lush. 404, which was followed in the case of the steamboat "Atlas," both by the District and Circuit Courts of the Southern District of New York. 4 Ben. 27 ; 10 Blatch. 459. The theory which underlies this decision seems to be, that the "Game-cock" and her tow, the "Ninfa," being moved by one power, are to be regarded as one vessel, the same as a ship and her cargo; and that the two combined, whatever be their mutual relations to each other, are, as regards the "Alabama," affected by the fault of the tug ; and that those vessels on the one side, and the "Alabama" on the other, according to the admiralty rule in collision cases, must each bear half of the damage. The rule has been thus applied when the ship and her cargo constituted one opposing force, and a single ship the other; the entire damage to ships and cargo being equally divided between the two ships. Where both ship and cargo on one side belong to the same owners, the case is no way different from that of the two ships alone being injured. And even so long as the ship having cargo is able to respond to half the loss, no difficulty arises ; for the other ship is liable for the balance, so that the owner of the cargo injured will lose nothing. But, if the carrying ship is unable to respond to half the damage sustained by her cargo, the deficiency will be entirely lost if the other offending vessel can only be made liable for a single moiety. And yet it would seem to be just that the owner of the cargo, who is supposed to be free from

fault, should recover the damage done thereto from those who caused it; and if he cannot recover from either of them such party's due share, he ought to be able to recover it from the other.   The same reason for a division of the damage does not apply to him which applies to the owners of the ships.   The safety of navigation requires that if they are both in fault, they should bear the damage equally, to make them more careful. And this consideration may well require, or at least justify, a primary award against each of a moiety only of the damage sustained by the cargo, for as between themselves that would be just.   But if either is unable to pay his moiety of damage, there is no good reason why the owner of the cargo should not have a remedy over against the other.   He ought not to suffer loss by the desire of the court to do justice between the wrong-doers.   In short, the moiety rule has been adopted for a better distribution of justice between mutual wrong-doers; and it ought not to be extended so far as to inflict positive loss on innocent parties.

In the cases which have been cited from Lushington and others, it does not appear that any difficulty arose from the inability of either of the condemned parties to pay their share of the loss.   No such inability seems to have existed.   And when it does not exist, the application of the moiety rule operates justly as between the parties in fault, and works no injury to others.   It is only when such inability exists that a different result takes place.   The cases quoted, therefore, may have been well decided, and yet furnish no precedent for the case under consideration.

Conceding, therefore, that a vessel in tow, and without fault, is to be regarded as sustaining the same relation to the collision which is sustained by cargo (and it seems fair thus to consider it), we think that the decree of the Circuit Court was erroneous, and that a decree ought to be made against the "Alabama" and the "Game-cock," and the irrespective stipulators, severally, each for one moiety of the entire damage, interest, and costs, so far as the stipulated value of said vessel shall extend; and any balance of such moiety, over and above such stipulated value of either vessel, or which the libellant shall be unable to collect or enforce, shall be paid by

the other vessel or her stipulators to the extent of the stipulated value thereof beyond the moiety due from said vessel.

This is substantially the form of decree sanctioned by this court in *The Washington and The Gregory*, 9 Wall. 516, a case involving similar principles, although the particular point was not fully discussed in that case.

*Decree reversed, and record remanded with instructions to enter a decree in conformity with this opinion.*

MR. JUSTICE CLIFFORD dissented.