### SEVERN v. UNITED STATES et al., and four other cases.

District Court, S. D. New York.
July 10, 1946.

Thomas A. McDonald, of New York City (Edward C. McDonald, of Brooklyn, N. Y. and Thomas A. McDonald, of New York City, of counsel), for respondent-impleaded.

John F. X. McGohey, U. S. Atty., of New York City (Kirlin, Campbell, Hickox & Keating, by Joseph M. Cunningham, Vernon S. Jones and James B. Magnor, all of New York City, of counsel), for respondents.

GODDARD, District Judge.

Exceptions by the Cardinal Engineering Company [hereinafter referred to as Car-

dinal] respondent-impleaded, to the libels and petitions of the United States of America. The exceptions are similar in each of the above entitled suits.

The several libelants and the decedent in the Traina case were employees of Cardinal who was engaged under a contract with the United States [War Shipping Administration] in making repairs to the ships SS Hilton and SS Douglas, then in this harbor, and owned and operated by the United States. Each of the employees and the Traina's administratrix brought suit against the United States in Admiralty to recover damages sustained as a result of injuries received in the course of the repair work. The United States has impleaded Cardinal in each of the suits. The impleading petitions allege two causes of action against Cardinal, the respondent-impleaded. The First—alleges that certain parts of the vessel where the injuries occurred were under the control of Cardinal, and that Cardinal was under a duty to eliminate any dangerous conditions under its control, and demands indemnity or contribution from Cardinal pursuant to the provisions of the 56th Rule in Admiralty, 28 U.S.C.A. following section 723. The Second cause of action in the impleading petitions alleges that the work of repairing the ships was being done by Cardinal pursuant to contracts wherein Cardinal agreed to indemnify the United States and its agencies from suits arising or growing out of Cardinal's negligence in the performance of the work.

The respondent-impleaded excepts on three grounds. First—That the libelants were the employees of respondent-impleaded and that he had taken out compensation insurance pursuant to the requirements of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and asserts immunity from any liability to anyone beyond this. Second— The respondent-impleaded asserts that the matters alleged in the impleading petition are not within the jurisdiction of the Admiralty; that the indemnity clause contained in the ship repair contract between the United States and the respondent-impleaded is separable from all other clauses in that contract and any cause of action based therein is not within the Admiralty jurisdiction. Third—That the libelants and petition fail to state a cause of action and that the impleading petition is not within the 56th Rule in Admiralty. Further the respondent-impleaded demands a trial by jury as to all matters not within the Admiralty jurisdiction.

■ The Longshoremen's and Harbor Workers' Compensation Act provides for the exclusive duties, rights and relief as between employer and employee, but this does not prevent a third party, a shipowner, from suing the employer as indemnitor for damages the shipowner may be required to pay the employee as a result of the negligence of such employer. Burris v. American Chickle Co., 2 Cir., 120 F.2d 218; Green v. War Shipping Administration, 66 F.Supp. 393, opinion of Judge Moscowitz; Benevento v. United States and Union Stevedoring Co., 68 F. Supp. 347, opinion of Judge Leibell. The shipowner had the right under Admiralty Rule 56 or under Rule 14 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to implead the employer. Porello v. United States et al., 153 F.2d 605, affirmed on rehearing 153 F.2d 609; Barbarino v. Stanhope S. S. Co., Ltd., et al., 2 Cir., 151 F.2d 553; see also Lesnik v. Public Industrials Corp., et al., 2 Cir., 144 F. 2d 968.

The exception on the ground that the indemnity clauses in the contract between the United States and Cardinal are separable from the rest of the contract and that a suit based upon the indemnity clause is not within the jurisdiction of the Admiralty is not well taken.

■ A contract for repairs to ships in the navigable waters of this harbor is a maritime contract. Such a contract is within the jurisdiction of the Admiralty.

■ The indemnity clause is not a separable agreement; it is part of and incidental to the contract for repairing the ships; it provides that the shipowner shall be indemnified by the contractor against claims for damages arising out of the contractor's negligence in the performance of

that contract. Insurance Co. v. Dunham, 11 Wall. 1, 78 U.S. 1, 20 L.Ed. 90; The Advance, 2 Cir., 72 F. 793; The Ada, 2 Cir., 250 F. 194; Davis etc. v. Dittmar, et al., 2 Cir., 6 F.2d 141; Green v. United States and Cardinal Engineering Co., supra. Cf. Compagnie Francaise de Navigation A Vapeur v. Bonnasse, et al., 2 Cir., 19 F.2d 777, certiorari denied American Exchange Irving Trust Co. v. Bonnasse, 275 U.S. 551, 48 S.Ct. 114, 72 L.Ed. 421.

Cardinal, respondent-impleaded, cites The Wonder, 2 Cir., 79 F.2d 312, to support his contention, but it is not in point; the facts differ substantially from those at bar. In The Wonder, the City of New York contracted with the E. O. Roberts Company to construct a drawbridge. After partial performance by the Roberts Company another concern was engaged by the representatives of the Roberts Company to complete the contract and that concern subcontracted the work of laying the power cables. The subcontractor failed to submerge the cables in a trench below the bed of the river, and as a result the propeller of the libellant's tug came in contact with the cable and was damaged. The original contract for the construction of the drawbridge contained an indemnity clause in which the contractor agreed to indemnify the City for any claims which the City might be required to pay as a result of the contractor's negligence in performing the contract for the construction of the drawbridge. The libelant sued the City and the City impleaded its contractor which in turn impleaded the subcontractor. The Admiralty refused to take jurisdiction over the indemnity clause in the contract to build the drawbridge for the reason that the contract to build the drawbridge was not a maritime contract. I think it is clear that jurisdiction was declined, not because the clause called for indemnity but because the subject matter involved was non-maritime.

The Admiralty having jurisdiction, the respondent-impleaded is not entitled to a jury trial.

Exceptions overruled and dismissed. Settle orders on notice.