#### COAL OPERATORS CAS. CO. v. UNITED STATES et al.

No. 175 of 1945.

District Court, E. D. Pennsylvania.
Dec. 8, 1947.

On Motion to Modify and Amend Judgment
Jan. 21, 1948.

682

J. Webster Jones, of Philadelphia, Pa., for plaintiff.

Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for respondents.

KIRKPATRICK, District Judge.

In this case Williams, the injured employee, accepted compensation under an award of the Deputy Commissioner, whereupon, by force of Sec. 33(b) of the Longshoremen's Compensation Act, 33 U.S.C.A. § 933(b), his right to sue a third party for damages for negligently causing his injury passed to his employer. The employer did not sue but its insurance carrier, subrogated to its rights under Sec. 33(i), brought this suit in admiralty against the shipowner. The Court's findings of fact were to the effect that Williams' injury was due to the concurrent negligence of the shipowner and the employer, and his damages were fixed at $27,000.

The question is whether the entire amount must be awarded to the libellant in this proceeding or whether the Court should apply the admiralty rule of contribution between joint tortfeasors and reduce the libellant's recovery accordingly.

The libellant contends that there can be no contribution in a case of this kind where one of the joint tortfeasors stands in the shoes of an employee who has accepted compensation, arguing that the Act is the sole source of every right asserted in this proceeding and pointing out that the assignment to the employer provided for by Sec. 33(b) is of "all" the right of the employee. This contention is answered by what the Circuit Court of Appeals said in The Etna, 3 Cir., 138 F.2d 37, 41: "On the contrary, we think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33(b) of the Act."

A more serious objection is that stated in the opinion of the Circuit Court of Appeals in Porello v. United States, 2 Cir., 153 F.2d 605, 607, as follows: "For a right of contribution to accrue between tort-feasors, they must be joint wrongdoers in the sense

that their tort or torts have imposed a common liability upon them to the party injured. A.L.I. Restitution, § 86; 13 Am. Jur., Contribution, § 51. Since the libellant has no cause of action against his employer, the United States can claim no contribution on the theory of a common liability which it has been compelled to pay." The Porello case, however, was appealed and the Supreme Court opinion, 330 U.S. 446, 67 S.Ct. 847, 854, contains one statement which I cannot read in any other way than as overruling the position taken by the Circuit Court of Appeals upon this point. Justice Reed was discussing the effect of a contract of indemnity between the employer and the shipowner, and said that on the record the contract was ambiguous and, for that reason, the Supreme Court ruled that the case should go back to the District Court for an interpretation. The Supreme Court suggested that one possibility was that the District Court might find that the contract of indemnity had to do only with a case where the employer's negligence was the sole cause of the injury, in which event it would have no bearing on the case. Then the Court said, "If the District Court interprets the contract not to apply to the facts of this case (and the facts of the case, like the present one, were an injury to an employee caused by the joint negligence of employer and shipowner) the court (that is, the District Court) would, of course, be free to adjudge the responsibility of the parties to the contract under applicable rules of admiralty law", and just above the Court had stated that the admiralty rule recognized contribution between joint tortfeasors. Now what the Supreme Court said was not dictum. The Supreme Court was remanding the case to the District Court with instructions and in the sentence quoted was telling the District Judge that, absent the contract of indemnity, he would be free to apply the admiralty rule of contribution. The Circuit Court of Appeals had squarely ruled that there could be no contribution and the Supreme Court, although it did not mention the position of the Circuit Court of Appeals, certainly must have intended to overrule it.

I think that the decision of the Supreme Court in the Porello case makes it clear that the right of contribution exists in a case of this nature. This being so, the only question is whether this Court, in entering the decree, ought to apply it to limit the libellant's recovery.

The employer was not impleaded and is not in court and it goes without saying that no decree of contribution can be made against it in this proceeding—that is, no decree which will compel it to pay anything to the respondent by way of contribution. However, the right asserted by the libellant is the employer's right, neither more nor less. Obviously a subrogee cannot improve his position or augment his right beyond that of the party he succeeds merely because he sues in his own name without bringing in the latter as a party. The right he asserts is subject to the same infirmities and set-offs as though its original owner were asserting it (Am.Jur., Subrogation, Sec. 110) and the extent to which the subrogee's recovery will be diminished thereby must be determined just as though the original owner were asserting it.

Contribution between joint tortfeasors in admiralty is usually to the extent of one-half of the award although it may be that the Court may fix the responsibility in some other proportion. However, in the present case, I think that the injury was due in equal degree to the negligence of the respondent and that of the employer. It may be that the responsibility for injury to employees is the subject of contract between the employer, the general contractor and the shipowner. If so, that will unfortunately have to be dealt with in a separate proceeding. Neither party chose to bring the employer into the case in order to develop that phase, and I will have to take the record as I find it.

However, contribution between the tortfeasors can operate against only so much of the recovery as equals the compensation paid by the employer or insurance carrier and the other items of expense enumerated in Sec. 33(e) (1). That part goes to the employer in his own right (he "shall retain" it are the words of the Act). As to the balance, the libellant is in effect a trustee for the injured employee and the latter's right to it, as cestui que trust, can-

684

not be affected in any way by any act done, contract entered into or liability incurred by the libellant or by the employer in their individual capacities. The result is that the amount of damages payable by the respondent must be reduced by an amount equal to the compensation and expenses but not in any event in excess of $13,500.

Until the Commissioner has fixed the expenses allowable, this Court can go no further. As soon as those expenses are fixed or agreed upon and the amount of compensation paid ascertained, the final decree will be entered.

The respondent's motions to amend the Court's findings of fact and to dismiss the complaint, are denied.

### Sur Libellant's Motion to Modify and Amend the Judgment.

The distinction between this case and the Etna and Porello cases is not important. The basis of the decision in this case applies equally to a direct subrogee, a subrogee of an assignee and the assignee himself—a claim in the hands of any one of them is subject to be diminished by any right in the nature of set-off or counterclaim which the debtor may have against the party asserting it. True, the statute gives the employer "all" the right of the employee, at least to the extent that he can maintain suit upon the whole claim, but that does not mean that the part of it which belongs to him in his own right is in any way different from any other assigned claim. Certainly there is nothing in the statute which either expressly or impliedly makes that portion of the claim free from any infirmities arising from the assignee's own act or conduct. In other words, I have no doubt that if there were no insurance company in this case and the employer were the libellant it would be subject to contribution in exactly the same way as its subrogee. The libellant's entire argument upon this motion depends upon his proposition that no contribution could have been enforced against the employer. I can only say that I find nothing in the statute or in the argument to cause me to change my view.

The motion to modify and amend the judgment is denied.