## JOHNSON v. UNITED STATES et al.
### Civ. 3884.

District Court, D. Oregon.
May 21, 1948.
June 19, 1948.

Hicks, Davis & Tongue, of Portland, Or., for libelant.

Gray & Lister, Henry L. Hess, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., all of Portland, Or., for respondents. The United States of America, The War Shipping Administration, and The United States Maritime Commission.

Frank L. Whitaker and Wilbur, Beckett, Oppenheimer, Mautz & Souther, all of Portland, Or., for Kaiser Co., Inc., a corporation, impleaded.

McCOLLOCH, District Judge.

The way I feel now I do not think I should lend authority to the obvious attempt being made in the country to break down the principle of compensation. But in accord with what experience has shown to be good practice, I will defer decision on Kaiser Company's exceptions to the pretrial or trial.

June 19, 1948.

This case raises the question whether a ship sued for an accident to a harbor worker can implead and claim contribution from the harbor worker's employer, in disregard of the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., that the liability for compensation "shall be exclusive".

I have deferred decision of the question until I could have the benefit of the argument of the senior of the admiralty bar, Mr. Erskine Wood, in another case. Mr. Wood feels that an employer can be impleaded, and cites American Stevedores v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011, and a number of District Court decisions.[1]

First, let me say I do not think the Supreme Court's language in the Porello case justifies the claim made for it. The Court was primarily concerned with other questions.

Judge Inch, alone of the eastern admiralty judges, has held, and I confess by dictum only, that the injured harbor worker's

[1] The Tampico, D.C., 45 F.Supp. 174; Severn v. U. S., D.C., 69 F.Supp. 21; Brosnan v. American President Lines, 1943, A.M.C. 526; Landgraf v. U. S., D. C., 75 F.Supp. 58, 1947 A.M.C. 1539; Lo-

Bue v. U. S., D.C., 75 F.Supp. 154, 1948 A.M.C. 116, 119; Coal Operators Casualty Co. v. U. S., D.C., 76 F.Supp. 681, 1948 A.M.C. 127.

employer cannot be sued. Frusteri **v.** United States, D.C., 76 F.Supp. 667. I am going along with Judge Inch. We are supported strongly, I feel, by the consideration given to the question by the Second Circuit Court of Appeals in the Porello case, on its way up. 2 Cir., 153 F.2d 605.

In my time, compensation supplanted litigation in the industrial field. The State of Washington was the first, and Oregon was one of the earliest States, to pass compensation laws. This was because of the paramount influence of the logging and lumbering industry in both States. The cruel injustice to workmen in this industry, where the percentage of casualty is high, of leaving injured men to the harsh and inadequate remedies provided by the common law, brought about the passage of compensation acts. The movement swept the country.

To hold that an employer under a compulsory (as to him) compensation act can be sued indirectly, as proposed here, is like opening a hole in a dike. It destroys the basic principle of compensation. As well say the employer can be offered to the injured workman as a co-defendant, under Admiralty Rule 56, 28 U.S.C.A. following section 723. The difference is a matter of words only.