STANDARD WHOLESALE PHOSPHATE & ACID
WORKS, INC. *v.* RUKERT TERMINAL
CORPORATION

[No. 136, October Term, 1948.]

22

*Decided April 1, 1949.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Jesse Slingluff, Jr.*, and *Michael P. Crocker*, for appellant.

*Francis E. Pegram, Jr.*, with whom were *Eckardt & Pegram* on the brief, *amici curiae.*

*W. Hamilton Whiteford* and *B. Conway Taylor, Jr.*, with whom were *Due, Nickerson & Whiteford* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Ches Williams was hit by a grab bucket while working, in the hold of a vessel moored at the pier of Standard

Wholesale Phosphate & Acid Works, Incorporated, in the employ of Rukert Terminals Corporation. He brought suit in the Baltimore City Court against Standard, alleging negligence on the part of its employees in the operation, upon the pier, of a power crane to which the grab bucket was attached. Standard filed a general issue plea and a motion for leave to join Rukert as a third party defendant, which was granted by order of court. Thereupon Standard filed a third party complaint against Rukert, alleging negligence on the part of Rukert in failing to provide Williams with a safe place to work and to instruct him as to a safe manner in which to perform his duties. The complaint denied Standard's negligence and demanded that Rukert make a defense to the complaint and to the plaintiff's claim for damages. Rukert filed a motion to vacate the court's order allowing the impleading, to quash the summons and dismiss the complaint, on the ground that the accident and injuries to the plaintiff occurred while he was performing stevedore services for Rukert aboard a ship in navigable waters; that Rukert had paid him compensation for injuries and provided medical expenses, through its insurance carrier, Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, in accordance with the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. A. § 901 *et seq.*, and that by making such provision for compensation to its employee, Rukert was thereby relieved of liability growing out of injuries to the plaintiff, not only to its employee, the plaintiff, but also to any third party. Upon hearing, this motion was granted, and judgment for costs entered in favor of Rukert. The appeal is from that judgment.

We may assume, for the purposes of this appeal, that the allegations of the declaration describe a maritime tort. There has been no demurrer to the declaration or complaint and the employer's motion to dismiss the third party complaint would seem to concede the point, since it relies upon the Longshoremen's and Harbor Workers' Compensation Act, which would be inapplicable to a non-

maritime tort. If the nature of the tort should become material in later stages of the case, we leave the question open.

The common law courts of a state have jurisdiction to entertain an action arising from a maritime tort, under that clause of the Judicial Code, 28 U. S. C. A. § 371,[1] "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it * * *." From a procedural point of view, the Maryland courts afford an adequate remedy for the recovery of damages, and a comprehensive third party practice. General Rules of Practice and Procedure, part two, subd. III, Third Party Practice, Rule 4, Code 1947 Supp. p. 2042. It is unnecessary to decide to what extent the saving clause of the Judicial Code would permit the state courts to modify or supplement the maritime law by principles derived from the common law or state statutes. Here the question whether the appellee can be brought in as a third party defendant depends upon the construction of the Longshoremen's Act. In construing that act, we are bound by authoritative construction placed upon it by the federal courts.

The stevedore's remedy for compensation against his employer, 33 U. S. C. A. § 904, is not exclusive of remedies against others. He may elect to proceed against a negligent third party, or, in case he elects to receive compensation, the Longshoremen's Act provides for assignment of his rights against third persons to his employer, binding the latter to remit to him any excess over the compensation received, including medical expenses. 33 U. S. C. A. § 933; *Seas Shipping Co. v. Sieracki*, 328 U. S. 85, 102, 66 S. Ct. 872, 90 L. Ed. 1099; *Moragnel v. Moore McCormack Lines*, D. C. 75 F. Supp. 969; *cf. Chapman v. Hoage*, 296 U. S. 526, 56 S. Ct. 333, 80 L. Ed. 370. There is certainly no suggestion in these provisions that the employer might be made a party defendant.

The pertinent language of the Longshoremen's Act, 33 U. S. C. A. § 905, provides: "Exclusiveness of liability.

The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *." The appellant does not deny that an employee is prevented by this section from bringing suit against a negligent employer, but contends that the expression "anyone otherwise entitled to recover damages from such employer" should be limited to claimants standing in the shoes of the employee or deriving their rights through him. It contends that under the admiralty law the right of a third party complainant to contribution is not derivative, through substitution or subrogation, but an original right arising from the tort itself, citing *Erie R. R. v. Erie Transportation Co.*, 204 U. S. 220, 27 S. Ct. 246, 51 L. Ed. 450. Hence it argues that it is not a person "otherwise entitled to recover damages from such employer," since indemnity or contribution is not "damages." The appellee contends that the plain meaning of the language quoted forbids such limitation, and includes all claimants, whether asserting a derivative right or "otherwise." The appellee further contends that the complaint seeks exoneration or indemnity, and not contribution, and that the necessary effect would be to substitute the employer as the sole person liable, in the teeth of the statute.

On the latter point, it is sufficient to say that although each defendant denies liability and seeks to put the blame upon the other, the pleadings would permit a finding of liability on the part of each. The motion to dismiss seems to assume that this is the case, for it is alleged that "neither the original plaintiff nor the original defendants have any cause of action against the third party defendant or any right of contribution from the third party defendant."

The only case in which the higher federal courts have had to consider the construction of sec. 905 is *Porello v.*

*United States,* 2 Cir., 153 F. 2d 605; *American Steve-dores v. Porello,* 330 U. S. 446, 67 S. Ct. 847, 91 L. Ed. 1011. In that case a stevedore was injured aboard a Navy transport, and brought suit against the United States under the Public Vessels Act, 46 U. S. C. A. § 781 *et seq.;* his employer, American Stevedores, Inc., was impleaded. The District Court entered a decree against the United States for damages due to the injury, less a sum received by the libellant as compensation under the Longshoremen's Act, with contribution as to one-half from the employer. It is not clear that the employer's right to reimbursement from the employee was considered, or how this formula could even operate to put the negligent parties on a parity. On appeal, the Circuit Court of Appeals for the Second Circuit said [153 F. 2d 607]: "Since the libellant has no cause of action against his employer, the United States can claim no contribution on the theory of a common liability which it has been compelled to pay." However, the Court found that the United States was entitled to full indemnity under its contract with the employer. On petition for rehearing, the Court said: "The petitioner argues that our opinion is erroneous in applying common law principles of contribution to a suit in admiralty in which we have affirmed findings that the libellant's injury resulted from the concurrent negligence of both the respondent and the impleaded respondent. * * * the point may be considered left open since determination of the right of contribution is not essential to decision as to indemnity under the respondent's contract."

Upon *certiorari* to the Supreme Court, the case was remanded to the District Court, to permit the taking of evidence as to the intention of the parties, as an aid to construction of the indemnity clause in the contract, which the court found to be ambiguous. The Court said [330 U. S. 446, 67 S. Ct. 854]: "From the record it is not clear whether the District Court made any finding as to the meaning of the contract. We believe its interpretation should be left in the first instance to that court,

which shall have the benefit of such evidence as there is upon the intention of the parties. If the District Court interprets the contract not to apply to the facts of this case, the court would, of course, be free to adjudge the responsibility of the parties to the contract under applicable rules of admiralty law."

The appellant contends that the sentence last quoted recognizes that there could be a liability on the part of the employer to the third party complainant. We think the contention is unsound. A statement that the court is "free to adjudge * * * under applicable rules," does not determine what those rules are, as applied to the facts of the case, but simply leaves the question open, as it was left open by the Circuit Court of Appeals. The appellant contends that District Judge Kirkpatrick, in *Coal Operators Casualty Co. v. United States*, E. D. D. C. Pa., 76 F. Supp. 681, 683, thought that the Supreme Court "was remanding the case with instructions and in the sentence quoted was telling the District Judge that, absent the contract of indemnity, he would be free to apply the admiralty rule of contribution." Feeling bound by this decision, he naturally allowed recovery of contribution against the employer. But his reason for thinking so was that "the Circuit Court of Appeals had squarely ruled that there could be no contribution and the Supreme Court, although it did not mention the position of the Circuit Court of Appeals, certainly must have intended to overrule it." The Circuit Court of Appeals did originally take that position, but as pointed out above, modified its opinion to leave the question open, on motion for rehearing. In the more recent case of *Johnson v. United States*, D. C. Or. 79 F. Supp. 448, 449, District Judge McColloch said: "I do not think the Supreme Court's language in the *Porello* case justifies the claim made for it." He held there could be no contribution from the employer. "To hold that an employer under a compulsory (as to him) compensation act can be sued indirectly, as proposed here, is like opening a hole in a dike. It destroys the basic principle of compensation.

As well say the employer can be offered to the injured workman as a co-defendant, under Admiralty Rule. 56, 28 U. S. C. A. following section 723. The difference is a matter of words only." In *Frusteri v. United States,* E. D. D. C. N. Y., 76 F. Supp. 667, 669, District Judge Inch dismissed a petition impleading an employer, "on the ground that owing to * * * having proved that it was ready, able and willing to pay compensation.under the. Longshoremen's Act it was not liable to the libellant, in tort, in action in admiralty, for libellant's injury.

There are, .however, a number of cases in the District Courts where indemnity or contribution has been allowed against an employer. See *Rederii v. Jarka Corporation,* D. C. Me., 26 F. S. 304; *The Tampico,* D. C. N. Y., 45 F. Supp. 174; *Green v. War Shipping Administration,* D. C. N. Y., 66 F. Supp. 393; *The S. S. Samovar,* D. C. Cal., 72 Supp. 574, 588. The cases in the New York District Courts reach the same results as the New York Court of Appeals· (by a divided court) in construing its Workmen's Compensation Law, McK. Unconsol. Laws, c. 67. *Westchester Lighting Co. v. Westchester,* 278 N. Y. 175, 15 N. E. 2d 567; *cf.. Burris v. American Chicle,* 2 Cir., 120 F. 2d 218. The California Workmen's Compensation Act seems to have been construed to reach the same result as was reached in the *Samovar, supra; Baugh v. Rogers,* 24 Cal. 2d 200, 148 P. 2d 633, 152 A. L. R. 1043, (3 Judges dissenting). We have construed our Compensation Act to prevent recovery for the negligent act of an employer, producing or contributing to an injury, through a third party complaint. *Baltimore Transit Company v. State, use Schriefer,* 183 Md. 674, 682, 39 A. 2d 858, 861, 156 A. L. R. 460. The "procedural difficulty due to the lack of .a comprehensive third-party practice act," has been remedied by the new rules. But the language quoted was used in discussing the possibility of cutting off "the employer's right of reimbursement and to limit the. recovery of the injured employee against the negligent third party to the excess over and above the compensation payable." On the question of liability on the part of the

employer, after citing cases construing similar statutes in Wisconsin, North Carolina, Pennsylvania and elsewhere, we said: "We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law," *i. e.* that liability for compensation be exclusive.

The appellant stresses the fact that we were dealing, in the *Schriefer* case, with a right of contribution among joint tort-feasors, which was "a derivative right and not a new cause of action." The question we were considering was whether the Joint Tort Feasors' Act, adopted in 1941, Code Supp. 1947, art. 50, 21 *et seq.*, modified the employer's immunity from suit under the Compensation Act. In the case at bar, the question is whether the Longshoremen's Act, setting up an employer's immunity from suit by an employee, or "anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury * * *," modified the preexisting right to indemnity or contribution under the admiralty law. We have found no controlling federal decision on the point. Cases construing the Harter Act, 46 U. S. C. A. § 192, are distinguishable. The *Chattahoochee*, 173 U. S. 540, 19 S. Ct. 491, 43 L. Ed. 801; *Erie R. R. v. Erie Transportation Co., supra; Aktieselskabet Cuzco v. The Sucarseco*, 294 U. S. 394, 55 S. Ct. 467, 79 L. Ed. 942.

A different situation would be presented if the employer had undertaken, by agreement, to assume an obligation to indemnify apart from his legal obligation. That was the situation in the *Porello* case, and some of the other cases cited. Immunity is obviously not of such a character that it cannot be waived. In the absence of waiver, the employer's conformance with the statute, by providing compensation in all cases regardless of fault, prevents recovery against him on the ground of negligence. The

statute declares his liability for compensation to be exclusive. If it should be construed to preserve his liability, for the payment of a sum measured in whole or in part by the damages sustained by the employee, merely because the negligence of a third party concurred, or is claimed to have concurred, with his own in producing the injury, his liability for compensation would not be exclusive. It is probable that his liability would in most cases exceed the limits set up in the statute. We think it is immaterial whether his liability to a joint tort feasor stems from a statutory right to contribution or from general principles of the admiralty law. In either event it is essentially a liability to pay, or share in the payment of, damages for the injury to his employee, of which the statute relieves him. We think the appellant falls squarely within the definition of "anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury." It follows that his right to indemnity or contribution is foreclosed by the Act, and hence the employer cannot be impleaded.

In so holding, we do not decide as to the extent of the appellant's liability, if any. We leave open the question whether the appellant would be entitled to issues or instructions fixing or limiting recovery against it to a proportionate share of the damages, for which it may be found responsible, under the admiralty doctrine of comparative negligence, or otherwise. We also leave open the question as to the employer's right to reimbursement, if any, out of any damages recovered against appellant, and to what extent that right could be affected by the allowance of a credit for compensation paid. We think the action of the trial court in dismissing the third party complaint was correct.

*Judgment affirmed, with costs.*