**BACCILE v. HALCYON LINES (HALCYON LIJN) et al.**
Civ. A. No. 7813.

United States District Court
E. D. Pennsylvania.
April 3, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas F. Mount, Philadelphia, Pa., for third-party plaintiffs.

Thomas E. Byrne, Jr., Philadelphia, Pa., for third-party defendant.

McGRANERY, District Judge.

This is an action brought by Salvadore Baccile, an employee of the Haenn Ship Ceiling and Refitting Corporation (Haenn), against Halcyon Lines and Vinke and Company (Halcyon), the owners and operators of the vessell "Stad Vlaardingen". On November 25, 1946, while the vessel was moored at Girard Point, Philadelphia, Haenn was engaged by Halcyon to perform certain work aboard her, including the work of making the ship's grain feeders "grain tight". The grain feeders had been installed by a stevedoring company in Montreal, Canada, and a subsequent journey with a cargo of grain had resulted in some damage to the fittings. Within the number 2 feeder there was a stage planking about 10 inches wide, supported on cleats nailed to opposite bulkheads of the feeder, at a height of about 30 feet above the bottom of the hold. It appeared from the evidence that this planking had been built and left by the stevedoring company which had installed the feeders. The plaintiff Baccile, one of the carpenters Haenn had sent to work on the ship, and his foreman proceeded to the number 2 feeder with a ladder, part of Haenn's equipment, and lowered it onto the planking. They tapped the planking with the bottom rung of the ladder, in an effort to "sound" for cracks and test for sturdiness. Baccile then climbed down the ladder to the staging, the ladder meanwhile resting on the plank, unsecured at the top except for the foreman's hold on it. After maneuvering himself behind the ladder on the planking, in a situation of precarious balance, and advancing toward the corner of the feeder where the loose burlap lining needed tightening, Baccile felt the staging give. Before he could make any effective move for his safety, the structure collapsed, precipitating him to the bottom of the hold and causing him serious and permanent injuries.

The defendants, after the commencement of the suit, impleaded Haenn. Before trial it was agreed by all parties that a judgment be entered in favor of Baccile against Halcyon, the original defendants, with the understanding that this judgment would not be appealable and that it would be paid in full settlement; the issue should then proceed to trial for a determination of liability between Halcyon, the third-party plaintiff, and Haenn, the third-party defendant.

In submitting the issue to the jury the Court instructed that Halcyon had a duty to provide a reasonably safe place for Haenn's employees to work, and that Haenn had a duty to perform the work in a reasonably safe manner. In order to assist the jury in their deliberations, the Court submitted interrogatories for them to answer. In answering the interrogatories, the jury found that both parties had been negligent, contributing to the injuries suffered by the plaintiff, and apportioned the negligence between the parties in the ratio of 75% to Haenn and 25% to Halcyon.

Haenn, the third-party defendant, now moves for a judgment notwithstanding the verdict, for a new trial, and, in the event of the denial of both, for a molding of the verdict so that the third-party plaintiff may recover from the third-party defendant only 50% of the judgment entered in favor of the original defendant.

In support of its motion for a judgment notwithstanding the verdict, the third-party defendant takes the position that, as a matter of law, there can be no recovery against it because the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., precludes any recovery against the employer beyond the limit of its liability as prescribed by that Act. Inasmuch as Haenn has secured the payment of compensation to Baccile, under Section 4 of the Act it is, under Section 5, immune from direct recovery against it by the plaintiff. Without undertaking to engage in an extended discussion, it is my opinion that there is both reason and au-

thority for the proposition that immunity from direct suit furnishes no defense to Halcyon's claim for contribution. Rich v. U. S., 2 Cir., 177 F.2d 688; Portel v. U. S., D.C., 85 F.Supp. 458; Coal Operators Gas Co. v. U. S., D.C., 76 F.Supp. 681; Christon v. U. S., D.C., 8 F.R.D. 327; The S. S. Samovar, D.C., 72 F.Supp. 574; Severn v. U. S., D.C., 69 F.Supp. 21; Green v. War Shipping Administration, D.C., 66 F. Supp. 393; The Tampico, D.C., 45 F.Supp. 174; Rederii v. Jarka Corp., D.C., 26 F. Supp. 304; see also American Stevedores v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011; Barbarino v. Stanhope S. S. Co., 2 Cir., 151 F.2d 553, 555; Cataldo v. A/S Glittre, D.C., 41 F.Supp. 555, 557.

■ Haenn argues that there may be no right of contribution against it because it was not joint tort feasor with Halcyon, in that it had no liability to Baccile in common with Halcyon, nor were the parties *in pari delicto*. Concededly, in view of Section 5 of the Compensation Act, Haenn was in no way liable directly to Baccile; but, by virtue of its negligence in contributing to the cause of Baccile's injury, it thereby breached a duty, which it owed to the ship-owner Halcyon, of performing the work on the ship with due care. For the breach of this duty, Haenn is liable to Halcyon. Even though, technically, the satisfaction of this liability might not be the contribution of a joint tort feasor, Haenn must contribute to Halcyon a share of the total damages due Baccile from Halcyon, which damages resulted from the negligent conduct of both defendants. The right to contribution between wrongdoers here does not stand on subrogation, but arises directly from the tort. See The Tampico, supra, 45 F.Supp. at page 175.

■ Haenn also asks for a verdict to be directed in its favor on the ground that there was no disputed issue of fact to be submitted to the jury. Apparently the third-party defendant assumes that the only negligence which could have been found by the jury was based upon Haenn's failure to make an inspection of the condition of the cleats supporting the plank. Because there was no evidence that such an inspection would have disclosed a de-

fect, it is urged that there was no duty to inspect. See Bruszewski v. Isthmian S. S. Co., 3 Cir., 163 F.2d 720. However, the record discloses other evidence from which the jury might properly have found that Haenn did not perform the work in a reasonably safe manner, under the Court's instruction, by undertaking to do the work in the manner in which it did, at a height of some thirty feet above the bottom of the vessel. Particularly pertinent in this connection is the testimony of the master of the vessel as to how, in his expert opinion, the work should have been performed, by the use of a Jacob's ladder or lashed hatch boards; the testimony of the boatswain Westerhoff that he performed a similar operation (cleaning the grain feeder) by lowering himself into the feeder with a rope ladder and using a hatch cover to stand on; and the testimony of the Chief Surveyor for the Board of Underwriters of New York and Philadelphia that the stage planking served no useful purpose in connection with the grain feeder, but was merely put in for the convenience of the grain fitter in erecting the fittings.

■ In urging a new trial, the third-party defendant cites as error the refusal of the Court to charge the jury that "The fact that the stage plank gave way under the circumstances which have been shown here is itself sufficient evidence that the stage plank was weak and not sufficient for the purpose for which it had been intended. If you find that the ship furnished such equipment then your verdict must be in favor of the Haenn Corporation." It is contended that the Court erred in denying this instruction under the "seaworthiness" doctrine of the Sieracki case, supra. However, assuming that the "seaworthiness" doctrine of that case extends to a carpenter employed by an independent contractor, the mere fact that the plank gave way is not sufficient evidence that the plank was defective. It is a permissible inference that the plank gave way because it was used in a manner in which it was not intended to be used. Consequently the refusal of the charge was not an erroneous application of the doctrine of seaworthiness.

768

With respect to the molding of the verdict, Haenn moves the Court to provide that Halcyon may obtain recovery only to the extent of 50% of the judgment which has been entered against Halcyon in favor of Baccile, notwithstanding the fact that the jury determined Haenn to have been 75% responsible. Although the Court did require the jury's determination of comparative negligence, upon further reflection, I have come to the conclusion that it is the duty of the Court to mold the verdict in accord with the principles of contribution between joint tort feasors under the maritime law. There is no doubt that the suit concerns a maritime tort, and that principles of admiralty law should govern. See Shipping Co. v. Sieracki, 328 U.S. 85, 88, 66 S.Ct. 872, 90 L. Ed. 1099; Garrett v. Moore-McCormack, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239; Apica v. Pennsylvania Warehousing & Safe Deposit Co., D.C., 74 F.Supp. 819. Except for the operation of the Longshoremen's and Harbor Workers' Compensation Act, Haenn and Halcyon are joint tort feasors. The usual rule in admiralty, in the absence of contract, is equal contribution between joint tort feasors. American Stevedores v. Porello, 330 U. S. 446, 458, 67 S.Ct. 847, 853, 91 L.Ed. 1011. Conceding that "comparative negligence, is not unknown to our maritime law", ibid., and recognizing that the Court could exercise its "conscientious discretion and give or withhold damages upon enlarged principles of justice and equity," The Explorer, D.C., 20 F. 135, 139; see also, Coal Operators Gas Co. v. U. S., D.C., 76 F.Supp. 681, 683; Portel v. U. S., supra; Guerrini v. U. S., 2 Cir., 167 F.2d 352; nevertheless, I am constrained, in the circumstances of this case, to abide by the general admiralty rule of equal contribution.

Accordingly, an order will be entered denying the motions for judgment notwithstanding the verdict and for a new trial, and directing that judgment be entered in favor of the third-party plaintiff against the third-party defendant for 50% of the judgment entered against the third-party plaintiff in favor of the original plaintiff.