**BACCILE v. HALCYON LINES et al.**
(two cases).

Nos. 10213, 10219.

United States Court of Appeals
Third Circuit.

Argued Nov. 14, 1950.

Decided Feb. 21, 1951.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Krusen, Evans & Shaw, John T. Phillips, Edward J. Mingey, Philadelphia, Pa., on the brief), for Haenn Ship Ceiling and Refitting Corporation.

Thomas F. Mount, Philadelphia, Pa. (Rawle & Henderson, Joseph W. Henderson, Philadelphia, Pa., on the brief), for Halcyon Lines.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Salvadore Baccile was employed by Haenn Ship Ceiling and Refitting Corporation ("Haenn"), a Pennsylvania corporation engaged to do work aboard the "Stad Vlaardingen", a vessel owned and operated by Halcyon Lines and Vinke and Company ("Halcyon"), corporation of The Netherlands. At the time involved, the "Stad Vlaardingen" was in the port of Philadelphia, Pennsylvania. Baccile was working in the No. 2 grain fitting of the vessel when a plank on which he was standing gave way, so that he fell approximately thirty feet to the bottom of the hold and sustained serious injuries. He then brought this action at law against Halcyon, and Halcyon filed a third-party complaint against Haenn, alleging in the amended complaint, that either Haenn was solely accountable for Baccile's injuries, or it was liable to contribute to any judgment obtained by Baccile against Halcyon.

Halcyon settled Baccile's claim for $65,000, and agreed to the entry of judgment against themselves in that amount, apparently upon an arrangement with Haenn not recited in the record. Halcyon then proceeded with the trial of their claim for contribution against Haenn. On specific interrogatories, the jury determined that Haenn was negligent and that 75% of Baccile's damages was attributable to it. The District Judge, however, molded the verdict to equal liability, and accordingly gave judg-

ment to Halcyon against Haenn for 50% of the amount Halcyon had agreed to pay Baccile. The integrity of the settlement, or the propriety of the amount of it, was not questioned by Haenn in the court below, nor is it now.

Both Halcyon and Haenn appeal: Haenn, in No. 10,213, because of the judgment against it, and Halcyon, in No. 10,219, because of the action of the District Judge in altering the jury verdict. The substance of Halcyon's contentions is that the admiralty law recognizes comparative contribution and the trial judge was without warrant upon the record to alter the verdict. The substance of Haenn's contentions is, first, that it was not guilty of negligence, but if it were, the only negligence lay in its failure to inspect, for which it would be entitled to indemnity from Halcyon, in any event, since Halcyon owed the primary duty to furnish a safe place to work; and second, that its exclusive liability is to pay compensation to its injured employee under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq., pursuant to which it had secured the payment of compensation to its employees Haenn also asserts error in the court below in the admission of certain evidence relating to the performance of its work.

■ On a review of the record, we conclude that there was sufficient evidence upon which the jury could reasonably find Haenn negligent, not merely in failing to inspect, but as well in failing to go about its work properly. Nor do we regard it as error for the trial court to have admitted the evidence of what Haenn "could have done". That testimony was given by an experienced and qualified seaman. It furnished the jury with knowledge, in a specialized field, of the alternatives available to Haenn which the jury might not otherwise appreciate. The jury were thus enabled to determine, from all of the evidence, whether Haenn went about its work in a reasonable manner. But even if the admission of this testimony were error, we do not regard it of such prejudicial stature as to demand a new trial for correction.

■ We reach, then, the significant question whether, as between the mutual wrongdoers Halcyon and Haenn, the Longshoremen's and Harbor Workers' Compensation Act is in any degree a defense to Halcyon's claim for contribution. Upon principles of the controlling maritime law,[1] our answer is that Haenn has a liability over to Halcyon limited, however, by the amount of compensation payable to Baccile had he elected, as was his right,[2] to receive compensation under the Act.

In so deciding we are cognizant that contribution between tortfeasors is generally predicated upon a common liability, which in this situation has been held not to exist. American Mutual Liability Co. v. Matthews, 2 Cir.1950, 182 F.2d 322. As Professor Prosser points out,[3] the term "joint tortfeasors" is the subject of much confusion; and where contribution, which could be had at common law only in particular situations, is allowed, liability in solido is accounted for by the difficulty of assessing the actual damages attributable to the respective tortfeasors. In a strict sense it may be said that no common liability exists here because Haenn was responsible to Baccile for compensation regardless of its fault, but not in a greater amount than provided in the statutory schedule. Notwithstanding, literal adherence to concepts derived from the common law would not seem appropriate in a system of jurisprudence that has developed rules according

1. Cf. Seas Shipping Co., Inc. v. Sieracki, 1946, 328 U.S. 85, 88, 66 S.Ct. 872, 90 L.Ed. 1099; Garrett v. Moore-McCormack Co., Inc., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

2. 33 U.S.C.A. § 933(a): "If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Administrator may provide, to receive such compensation or to recover damages against such third person."

3. Prosser on Torts (1941) §§ 47, 109. See also Bohlen, Contribution And Indemnity Between Tortfeasors, 21 Cornell Law Quarterly 552 (1936).

to its own sense of right,[4] even contrary to those of the common law. The admiralty law early recognized that contributory negligence was not necessarily a bar to recovery,[5] and it devised the "moiety rule" to satisfy a singular desire "for a better distribution of justice between mutual wrongdoers."[6] And where comparative negligence is said to be "not unknown",[7] the requirement of common liability cannot be deeply ingrained, for the equity of the one is inconsistent with the concept of liability *in solido* attaching to the other. While Haenn was responsible to Baccile regardless of its fault, Haenn's negligence in fact brought to fruition his right to compensation. In a pragmatic sense, therefore, Haenn and Halcyon were, to use the preferable admiralty law description, "mutual wrongdoers".

In the absence of compelling reason to the contrary, we should be unwilling to accept as satisfactory the conclusion necessary to Haenn's position here, that an injured person, by unhampered election, may cast upon one of his two wrongdoers the entire burden of his loss. The compelling reason advanced is the Compensation Act. We shall see.

As between the employer and a stranger contributing to the injury of an employee, the Act unquestionably falls short of cover. It provides, as we have already noted, that the employee may sue a third party in lieu of taking compensation from his employer. But if the employee fails in such action to recover as much as the statutory compensation, the employer must stand for the shortage. 33 U.S.C.A. § 933(f). Where the employee accepts compensation under an award, the employer automatically becomes the assignee of the employee's right against the third party. 33 U.S.C.A. § 933(b). And if the employer succeeds in recovering more than he has paid as compensation, such excess less costs of enforcement belongs to the employee. 33 U.S.C.A. § 933(e). Only incidentally to the rights of employee and employer, *inter se,* are we made aware of the employer's independent right to repay to himself out of his recovery as assignee the compensation already paid to his employee. But this is in accordance with accepted principles,[8] to the extent that the employer's own fault is not involved.

Manifestly the concern of the Act is the employer-employee relationship. Its objective is social in character and its method of effectuating the social policy is to force upon industry a real cost of its productive operations. The Act, nevertheless, does not say that employers shall be free of liability when they are at fault. Rather, it fixes the quantum of liability as an equitable adjustment for imposing responsibility where none was recognized previously; hence, the fault of the employer, vis-à-vis his employee, is irrelevant in this limited sphere.

The Act strongly indicates, therefore, that the legal relations between the employer and the third party who injures his employee are not completely remodeled. And while it is not now a question here, we should hardly conclude that § 933, 33 U.S.C.A., creates in the negligent employer a right to fully recover from the negligent third party compensation already paid by the employer to his employee. Otherwise the burden of the injured employee would weigh inevitably and exclusively upon the third party, whose misfortune it is to hurt one within the Act.[9] It is not merely too

---

4. The Max Morris, 1890, 137 U.S. 1 at page 14, 11 S.Ct. 29, at page 33, 34 L. Ed. 586: "All these were cases in admiralty, and were not cases of collision between two vessels. They show an amelioration of the common-law rule, and an extension of the admiralty rule, in a direction which we think is manifestly just and proper."

5. Ibid.

6. The Alabama, 1876, 92 U.S. 695, 697, 23 L.Ed. 763.

7. American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011.

8. Cf. The Etna, 3 Cir., 1943, 138 F.2d 37.

9. This Court has held, The Etna, supra, note 8, that the employee is not entitled to compensation as a dessert to his main recovery against the stranger. See also, American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 455, 67 S.Ct. 847, 91 L.Ed. 1011.

406

much a matter of chance; it is apparently inconsistent with the policy of the Act, which is to fix the employer's liability, not to provide him with a convenient escape from responsibility. In the situation here, were all recovery denied to one in the position of Halcyon, it should be said not only that the entire burden *may* fall upon him because of the employee's elective rights, but also that it would undoubtedly fall upon him, for it is too much to expect of human nature that the employer should not attempt to influence his employee in the exercise of his election; and failing that, the employer could assure himself of the recovery of paid compensation through 33 U.S.C.A. § 933(e) by forcing an award under 33 U.S.C.A. § 933(b), which, as noted, operates as an assignment of the employee's right of action.[10] This would be true unless, of course, it should be determined that the employee may have both damages and compensation, a result not indicated by the Act.

Nevertheless, the device of the Act must be frustrated if the negligent employer is subject to full contribution. For then the third party is merely the conduit between employer and employee for the transfer of damages in excess of compensation. The solution which we adopt here at once preserves inviolate the forward-looking objectives of the Act, and consistent with those objectives retains a substantial measure of equity in the legal relations between the employer and the third party. Since the statute intends to render the employer liable even without fault, we can find no reason why the employer should not, where he is a cause of harm and therefore without right of full recourse, be required to admit of contribution to the extent of the compensation he would have had to pay to the employee, had the employee not elected to sue the third party. Nor do we think it an insuperable obstacle that the result we reach does not satisfy the historical notions of the relation between tortfeasors. The

Act has intervened in their affairs, and in so responsive a system as the admiralty, we have no difficulty in reaching the equitable solution to a problem not previously contemplated by judicial expressions.

Finally, in view of our holding, we are not required to determine whether the District Judge erred in altering the jury's verdict. Under either the jury verdict or the judgment entered, the sum granted to Halcyon exceeds the statutory compensation for which Haenn was liable to Baccile.

Accordingly, the judgment of the District Court will be reversed, and the cause remanded for the entry of judgment consistent herewith.

---

10. The Amendment of the Act in 1938 to provide for the automatic assignment of the employee's right against the stranger only in the case of an award was intended to further protect the substance of the employee's right of election. See American Stevedores, Inc. v. Porello, supra, note 9, 330 U.S. at pages 454–456, 67 S.Ct. 847.