**UNION SULPHUR & OIL CORP. v. W. J. JONES & SON, Inc.**

No. 12938.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1952.

Wood, Matthiessen & Wood, Erskine B. Wood, Portland, Or., for appellant.

Gunther F. Krause, Walter H. Evans, Jr., Dennis Lindsay, Portland, Or., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Union Sulphur and Oil Corporation, hereafter Union Sulphur, appeals from a decree in admiralty denying it either indemnity or contribution from W. J. Jones & Son, Inc., hereafter Jones, Inc., impleaded by Union Sulphur as respondent claimed to have such liability to Union Sulphur because of the latter's discharge of a liability owed by both parties to Marshall, the libellant against Union Sulphur's ship. The admiralty jurisdiction was invoked by a libel in rem against Union Sulphur's steamship Herman Frasch filed by one Marshall claiming for personal injuries received from the steamer's un-seaworthy condition. Union Sulphur claimed the vessel and deposited its bond which became the res against which Marshall proceeded.

Marshall, a stevedore employee of Jones, Inc., was injured while engaged in stevedoring work in discharging sulphur from the steamer. He and Union Sulphur agreed to settle his claim for $6,110. Union Sulphur and Jones, Inc., agreed that the settlement of $6,110 was reasonable compensation for Marshall's injuries, and that he is entitled to the decree in his favor.

The court found that both corporations were concurrently negligent, but denied compensation upon the authority of American Mut. Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322, and in conformity with Johnson v. United States, D.C.1948, 79 F.Supp. 448.

Union Sulphur's appeal claims that (a) the court erred in finding concurrent negligence instead of finding that the negligence of Jones, Inc., was the sole proximate cause of the injury, in which latter event Union Sulphur could recover 100% indemnity, as in our decision in United States v. Rothschild International Stevedoring Co., 9 Cir., 183 F.2d 181 and (b) if we sustain the finding of concurrent negligence, it can recover contribution by a division of the damages.

We agree with the district court that upon the facts proven the court properly found that the negligence of Union Sulphur and Jones, Inc., jointly caused the injury to Marshall. Hence our decision in the Rothschild case is not applicable.

The case is governed by the decision of the Supreme Court in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277. It reversed the decision in Baccile v. Halcyon Lines, 3 Cir., 187 F.2d 403, a case discussed in the briefs of the parties here.

That was a diversity suit at common law brought by Baccile, a citizen of the United States, against Halcyon, a Netherlands corporation, for personal injuries due to the unseaworthiness of Halcyon's steamship, the Vladingen. He recovered a judgment

against Halcyon for $65,000. Halcyon had impleaded the Haenn Ship Ceiling and Refitting Corp., a ship repair corporation that employed Baccile in the repair of the vessel, alleging Haenn's joint negligence in creating the unseaworthiness. It was not questioned that Haenn was liable to Baccile under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq.

The district court held that Haenn was liable to Halcyon for 50% of Baccile's recovery of $65,000 from Halcyon. 89 F. Supp. 765, 769. The court of appeals held that Halcyon was entitled to contribution from Haenn, but that it was limited to the amount of compensation payable to Baccile had he elected, as was his right, to receive his compensation under the Longshoremen's Act. 187 F.2d 403, 404.

The Supreme Court recognized that the case before it was a diversity suit at common law involving a question of a claimed maritime right. It held that at common law no such right of contribution existed, citing the common law case of Union Stock Yards Co. v. Chicago, B. & Q. R. Co., 196 U.S. 217, 224, 25 S.Ct. 226, 49 L.Ed. 453, and Prosser on Torts (1940), p. 1113, dealing exclusively with common law torts.

■ On the question of the existence of such a right in admiralty, and hence relevant in such a common law suit [1] it states: "Where two vessels collide due to the fault of both, it is established admiralty doctrine that mutual wrongdoers shall share equally the damages sustained by each,[2] as well as personal injury and property damage inflicted on innocent third parties. This maritime rule is of ancient origin and has been applied in many cases, but this Court has never expressly applied it to non-collision cases", and holds no right to contribution between joint wrongdoers for damages for personal injury to innocent third parties exists in admiralty.[3]

The decree is affirmed and the petition of Union Sulphur to implead Jones, Inc., is ordered dismissed.

---

1. Seas Shipping Co. v. Sieracki, 328 U.S. 95, 100, 66 S.Ct. 872, 90 L.Ed. 1099.

2. The sentence must be considered as a whole. If it be construed with reference to the liability in a non-collision case of mutual wrongdoers inter se, the Supreme Court has squarely held that the right to division of damages exists. The Max Morris, 137 U.S. 1, 15, 11 S.Ct. 29, 34 L.Ed. 586.

3. Neither the Halcyon Lines case, nor this case, presents facts calling for any determination as to whether, in admiralty, there might be exceptional cases, similar to those discussed in Union Stock Yards Co. v. Chicago, B. & Q. R. Co., supra, in which a special rule relating to contribution or indemnity might be applied.