## CONNORS v. BROWN S. S. CO.
### No. 2244.

United States District Court,
W. D. New York.

May 25, 1953.

Desmond & Drury, Buffalo, N. Y., for libellant, Edward J. Desmond, New York City, of counsel.

Richards & Coffey, Buffalo, N. Y., for respondent, James P. Heffernan, New York City, of counsel.

David S. Jackson, Buffalo, N. Y., for impleaded respondent.

KNIGHT, Chief Judge.

The impleaded respondent, Cargill, Incorporated, has moved for a hearing of its exceptions to the petition of respondent Brown Steamship Company, impleading Cargill, Incorporated, and for an order (1) dismissing the petition of Brown Steamship Company and all proceedings thereunder, upon the grounds that said petition does not set forth matters sufficient to constitute a cause of action against Cargill, Incorporated, or proper or sufficient cause for impleading Cargill, Incorporated, under Admiralty Rule 56, 28 U.S.C.A., and upon all of the other grounds specified in the said exceptions; and (2) staying all further proceedings herein on the part of libellant and reserving all rights of Cargill, Incorporated, to vacate libellant's note of issue and to contest the right of any other party to a jury trial until the determination of the Court upon such exceptions.

In support of the oral arguments of counsel for the respective parties briefs have been filed by respondent and impleaded respondent and the matter was finally submitted on May 20, 1953.

Libellant was an employe of Grain Handling Company and was engaged as a stevedore in unloading the Steamer J. J. H. Brown, owned and operated by respondent Brown Steamship Company, at the Superior Elevator, owned by the impleaded respondent Cargill, Incorporated. While libellant was leaving the vessel, and using the ship's ladder, he was struck and knocked off the ladder by the ship's mooring cable and fell to the dock causing the injuries for which money damages are sought.

The impleaded respondent takes the position that libellant having knowledge

of all of the facts including the fact that his injury was not caused by a collision and not having joined Cargill, Incorporated, as a respondent, no claim is made by him against Cargill, Incorporated, and it is improper for respondent Brown Steamship Company to implead Cargill, Incorporated. Further Brown Steamship Company has not shown that Cargill, Incorporated, is liable over to Brown Steamship Company by reason of express or implied contract of indemnity. Cargill, Incorporated, relies on Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U. S. 282, 72 S.Ct. 277.

In the Halcyon case the injuries to an employee of the impleading third-party defendant were not due to vessels colliding but to injury aboard ship while engaged in making repairs. On the ground that the employer's negligence had contributed to the injuries, the employer Haenn was brought in as a third-party defendant. Under protest the district judge received evidence and entered judgment against the ship owner and the employer. Baccile v. Halcyon Lines, D. C., 89 F.Supp. 765. The Court of Appeals, 3 Cir., 187 F.2d 403 modified as to proportionate amounts of contribution but sustained the judgment with respect to the liability of both defendants. The Supreme Court granted certiorari because of the conflicting views. In the opinion, Mr. Justice Black writing, it is stated:

> "Where two vessels collide due to the fault of both, it is established admiralty doctrine that the mutual wrongdoers shall share equally the damages sustained by each, as well as personal injury and property damage inflicted on innocent third parties. This maritime rule is of ancient origin and has been applied in many cases, but this Court has never expressly applied it to non-collision cases. * * * The judgments of the Court of Appeals are reversed and the cause is remanded to the District Court with instructions to dismiss the contribution

proceedings against Haenn." [342 U.S. 282, 72 S.Ct. 279.]

And see Union Sulphur & Oil Corp. v. W. J. Jones & Son, 9 Cir., 195 F.2d 93.

Under the Halcyon case Cargill, Incorporated, could not be impleaded by respondent for the purpose of contribution. Whatever might have been the disposition of this Court, it feels constrained to follow what the Supreme Court has indicated in the Halcyon case, that is, impleading in non-collision cases is improper. The motion of the impleaded respondent Cargill, Incorporated, must be granted and the petition of respondent Brown Steamship Company must be dismissed. Accordingly no stay will be necessary and the matters respecting the note of issue and jury trial in so far as they affect Cargill, Incorporated, as impleaded, are now academic.

Motion of impleaded Cargill, Incorporated, is granted, and the petition of Brown Steam Ship Company to implead Cargill, Incorporated, is ordered dismissed.