**WASHINGTON BUILDING REALTY COR-
PORATION v. PEOPLES DRUG
STORES, Inc.**

No. 9317.

United States Court of Appeals
District of Columbia.

Argued Jan. 8, 1947.

Decided April 7, 1947.

Mr. Howard Boyd, Jr., of Washington, D. C., with whom Mr. Edward B. Wil-liams, of Washington, D. C., was on the brief, for appellant.

Mr. Bernard J. Gallagher, of Washington, D. C., with whom Mr. George A. Cassidy, Jr., of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PER CURIAM.

The controversy in this case arises out of an action brought by one Olive Livetsanos against appellant, Washington Building Realty Corporation, and appellee, Peoples Drug Stores, Incorporated, to recover damages for personal injuries. Plaintiff alleged that while lawfully on the premises owned by appellant and occupied in part by Peoples she fell and severely and permanently injured herself, as a result of the negligence of the defendants in not having and maintaining a proper exit from the store.

Some time after the institution of the action the Washington Building Corporation settled and compromised its liability to plaintiff. The release reserved to plaintiff the right to prosecute her claim against Peoples. Peoples thereupon answered the original complaint, denying negligence and also filed a cross-claim against appellant, alleging that plaintiff's fall occurred in the public passage-way of the building maintained by appellant for the convenience of its tenants other than Peoples, "* * * and was a place over which the defendant, Peoples Drug Stores, had no control or duty to maintain, but the said passage-way was under the exclusive control and maintenance of the defendant, Washington Building Realty Corporation."

The Building Corporation moved to dismiss the cross-claim on the ground that it "fails to state a cause of action upon which relief may be granted." The District Court denied the motion and we allowed a special appeal.

Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that any claim for relief, including a cross-claim, must con-

tain " * * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *." In our opinion, appellee's cross-claim fails to fulfill this requirement. It alleges facts that relieve it of any and all liability for plaintiff's injury and it makes Washington Building Realty Corporation solely responsible for the plaintiff's injury. It is not alleged that the parties are jointly liable, as a result of which a claim for contribution would arise, nor that Peoples is only secondarily liable, as a result of which it would have a claim for indemnity, nor that there is a contract between Peoples and Washington Building Corporation which would entitle Peoples to complete indemnity. In short, in its cross-claim appellee has alleged only facts that constitute as to it a complete defense to the original tort action, and nothing constituting a claim against Washington Building Corporation. This court cannot read the cross-claim in the light of what may be proved at the trial, but only as it stands upon the record.

We are accordingly constrained, under the provisions of Rule 12(b) (6) of the Federal Rules of Civil Procedure, to reverse and remand to the District Court, with instructions to dismiss the cross-claim without prejudice.

Reversed and remanded.