**COATES v. POTOMAC ELECTRIC POWER CO. (WASHINGTON GAS LIGHT CO., Third-Party Defendant).**

**Civ. No. 1099–49.**

United States District Court
District of Columbia.
Feb. 12, 1951.

H. Wise Kelly, Washington, D. C., for third-party plaintiff.

John J. Wilson, Philip S. Peyser, Jo V. Morgan, Jr., and W. E. Gallagher, all of Washington, D. C., for third-party defendant.

KEECH, District Judge.

This case is before the court on the motion of Washington Gas Light Company, third-party defendant, for summary judgment dismissing the third-party complaint filed by the original defendant, Potomac Electric Power Company, as third-party plaintiff.

Briefly stated, the facts of the case (which are not disputed by the parties) are: Plaintiff Coates, an employee of Washington Gas Light Company, was severely burned when a crane of the Gas Company, against which he was leaning, was raised and came in contact with an overhead high voltage power line of Potomac Electric Power Company. Coates received hospitalization, medical treatment, and compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq., the provisions of which were made applicable to employees in the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, ch. 612, § 1; D.C.Code, 1940, § 36–501. Subsequently, Coates brought suit against Potomac Electric, claiming negligence on its part in that it should have insulated the service line, installed a circuit breaker, or placed the line underground, as well as common law negligence. Potomac Electric thereafter filed a third-party complaint against the Gas Company for indemnity should Potomac Electric be required to pay any sum to Coates; and at the pre-trial hearing Potomac Electric claimed, in the alternative, contribution from the Gas Company.

The Gas Company has moved for summary judgment on the ground that it is not subject to a third-party action by Potomac Electric since it has paid compensation to Coates under the Longshoremen's Act, § 5 of which, 33 U.S.C.A. § 905, provides that the liability of an employer for benefits under the Act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death". Potomac Electric has opposed the motion on the ground that § 905 does not relieve an employer from liability to a third party, citing various District Court and state cases and Hitaffer v. Argonne Co., D.C.Cir., 183 F. 2d 811, certiorari denied 340 U.S. 852, 71 S.Ct. 80, in support of its position.

On consideration of the oral argument and authorities cited by respective counsel in their memoranda, I have concluded that there can be no contribution as between Potomac Electric and the Gas Company, on authority of American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Liberty Mutual Ins. Co. v. Vallendingham, D.C., 94 F.Supp. 17; Standard Wholesale Phosphate & Acid Works, Inc. v. Rukert Terminals Corp., Md., 1949, 65 A.2d 304; and Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626.

As to a third party's right to contribution under similar circumstances, it was stated in the American Mutual case, supra: " * * * the statute exempts the employer from any duty to pay damages for negligently injuring his employee and substitutes therefor an absolute duty to pay the prescribed compensation. For a right of contribution to exist between tort-feasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. In the case at bar the shipowner and the stevedoring firm were not under a common liability to the injured employee, nor were they joint wrongdoers. His claim against his employer was not for damages, as was his claim against the shipowner, nor was it dependent upon any tort committed by his employer. Consequently the shipowner can have no right to contribution based on the theory that they were joint tort-feasors." [182 F.2d 323.]

This is in accord with the decision of our Court of Appeals in Yellow Cab Co. v. Dreslin, supra, where it was stated: "The right of contribution arises out of a

782

common liability. * * * Contribution, then, depends upon joint liability. An injured party plaintiff in the suit from which a right of contribution develops must have had a cause of action against the party from whom contribution is sought. Here there was no liability by Dreslin to his wife,—no right to action against him *and the Cab Co.*, hence nothing to which a right of contribution could attach." [86 U.S. App.D.C. 327, 181 F.2d 627.]

I therefore find that Potomac Electric's claim for contribution is barred by § 905.

■ This conclusion is not contrary to the decision in Hitaffer v. Argonne Co., supra. This court agrees with the determination in that case that "where a third person is suing in his or her own right on account of the breach of *some independent duty owed them by the employer*, even though the operative facts out of which this independent right and correlative duty arose are the same as those out of which the injured employee recovers under the Act, the Act does not proscribe the third person's cause of action." [183 F.2d 819.] However, the Hitaffer case involved not a third-party action for contribution, but the separate action of a wife against the employer for damages sustained by her, independent of her husband's damages. The subsequent discussion of cases holding that § 905 does not bar a third party's right to implead an employer as joint tort-feasor for the purpose of getting contribution, is therefor mere dictum; and it should be pointed out that The Tampico, D.C.N.Y., 1942, 45 F.Supp. 174, and Rich v. United States, 2 Cir., 1949, 177 F.2d 688, cited in support of the dictum, have been overruled and distinguished, respectively, by the Second Circuit in its opinion in American Mutual Liability Ins. Co. v. Matthews, supra.

Counsel for Potomac Electric has argued generally that § 905, if interpreted as barring a third-party action against the Gas Company for contribution, by effecting an immunization of the Gas Company deprives Potomac Electric of its right to contribution, and to that extent the section is unconstitutional. Counsel does not particularize as to the specific provision of the Constitution which is violated by such interpretation, but it is assumed that he refers to the due process clause of the Fifth Amendment.

■ Enactment of the Longshoremen's and Harbor Workers' Compensation Act has been held a valid exercise of the constitutional authority of the Congress, South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Crowell v. Benson, 285 U.S. 22, 52 S. Ct. 285, 76 L.Ed. 598, and the extension of its provisions to employees in the District of Columbia has been held a valid exercise of the power of Congress to provide for the general welfare of the citizens of the District. Gudmundson v. Cardillo, 75 U.S. App.D.C. 230, 126 F.2d 521. None of the cases cited by either counsel with reference to the effect of § 905 raises any constitutional question.

However, in Rhinehart v. T. Smith & Son, La.App., 14 So.2d 287, the constitutionality of § 905 was questioned. There a brother and sister of a longshoreman whose death was within the provisions of the Longshoremen's Compensation Act were ineligible to receive death benefits under the Act as his dependents, and sued the employer under the Louisiana wrongful death statute. They argued that § 905, which was held to deprive them of their right to sue under the Louisiana statute, violated the due process clause of the Fifth Amendment, but the court declared that they had been deprived of no vested property right.

■ So here, I recognize that by the holding that the Gas Company is lifted from the category of joint tort-feasor by § 905, Potomac Electric is deprived of the right to contribution which it otherwise might have claimed. However, the right to contribution is not a vested right on which legislation may not impinge. As pointed out in McKenna v. Austin, 77 U.S. App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253, liability in tort is several not joint, however many participate in inflicting the wrong and whether they act separately or in conjunction. Tort-feasors come severally into court, however many may be brought in together, and each is bound to

the injured person separately and for the full injury. The right to contribution as between joint tort-feasors who are not wilful wrongdoers has been applied by the courts where there is a "common burden in which the parties stand in equali juri and which in equity and good conscience should be equally borne." George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, 222. Where the right to contribution has been recognized, the courts have done so because of equitable considerations.

In a case where the employer has paid compensation under the Act, a balancing of the equities does not require allowance of contribution. The Longshoremen's Act substitutes for the employer's common law liability for damages to an injured employee an absolute duty to pay the prescribed compensation, broadening his duty to pay compensation to include injuries for which he otherwise would not be required to respond, although limiting the amounts to be paid to specified sums. Thus, although § 905 in one respect limits the employer's liability, the Act as a whole broadens it. "To impose a noncontractual duty of contribution on the employer is *pro tanto* to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees." American Mutual Liability Ins. Co. v. Matthews, supra.

The position of an employer who makes compensation payments under the Act is comparable to that of a joint tort-feasor who makes voluntary settlement with the injured party. In such case, as the Court of Appeals held in McKenna v. Austin, supra, the settlement must, in the interest of public policy, be given finality to relieve the settling party from all liability, whether to the injured party directly or indirectly through contribution. Compensation payments by an employer under the Act may be likened to a settlement determined for him by statute in the interest of public policy; and it is no more inequitable to relieve such employer from further liability in the nature of contribution to a third party, than it is to give effect to a settlement by one joint tort-feasor to bar any right of contribution from him to a third party.

Having ruled out Potomac Electric's right to contribution, we come to the question whether the Gas Company owed Potomac Electric some independent duty giving rise to a cause of action for indemnity, which would not be extinguished by § 905 and would warrant continuance of the cross-action against the Gas Company.

It has been stipulated that the Gas Company was under no contractual duty to indemnify Potomac Electric, and the cross-complaint does not allege that Potomac Electric is only secondarily liable, as a result of which it would have a claim in quasi-contract for indemnity. In short, in its cross-claim Potomac Electric has alleged only that Coates was injured due to the negligence of the Gas Company and his own negligence, facts that constitute as to it a complete defense to the original tort action, and has alleged nothing constituting a claim by Potomac Electric against the Gas Company. As stated in Washington Building Realty Corp. v. Peoples Drug Stores, Inc., 82 U.S.App.D.C. 119, 161 F.2d 879, this court cannot read the cross-claim in the light of what may be proved at the trial, but only as it stands upon the record.

Therefore, as Potomac Electric has no right to contribution and has failed to state in its cross-complaint a cause of action for indemnity, the third-party defendant's motion for summary judgment must be granted.

Had Potomac Electric in its cross-complaint claimed, as secondary wrongdoer, indemnity from Washington Gas Light Company on the theory that the latter was the active wrongdoer and was primarily liable for the injury sustained by plaintiff,[1]

1. Washington Gas Light Co. v. D. C., 161 U.S. 316, 327, 16 S.Ct. 564, 40 L.Ed. 712; Southwestern Bell Telephone Co. v. East Texas Public Service Co., 5 Cir., 48 F.2d 23; George's Radio v. Capital Transit Co., 75 U.S. App.D.C. 187, 126 F.2d 219.

784

then the cross-complaint would have been for breach of an independent duty owed Potomac Electric by the Gas Company and not affected by the provisions of § 905,[2] namely, an implied agreement of indemnity. The fact that Potomac Electric's damages would be measured by the amount of the recovery by Coates, would no more affect the independent character of the Gas Company's obligation to Potomac Electric than if Potomac Electric were suing on a contract of indemnity.

Counsel will prepare an order granting the third-party defendant's motion for summary judgment, without prejudice to the third-party plaintiff's right to amend its cross-complaint.

---

2. Hitaffer v. Argonne Co., D.C.Cir., 183 F. 2d 811.