**MIRANDA et al. v. CITY OF GALVESTON, TEX., et al.**

**A. D. No. 1909.**

United States District Court
S. D. Texas, Galveston Division.

May 22, 1951.

Armstrong, Barker, Bedford & Lambdin (Griffith D. Lambdin), of Galveston, Tex. and Burris, Benton & Baker (F. F. Benton), of Houston, Tex., for libellants.

Williams & Thornton (Bryan F. Williams), of Galveston, Tex., for City of Galveston.

Royston & Rayzor (M. L. Cook), of Galveston, Tex., for Texas Employers' Ins. Ass'n and Southern Stevedoring Co., Inc.

KENNERLY, Chief Judge.

Approximately 130 persons bring this suit against the City of Galveston, which maintains the wharves and terminals at Galveston, Texas, in this District and Division. Libellants are employees of the Southern Stevedoring Company, Inc., of Galveston, and the suit is for damages for personal and bodily injuries alleged to have been sustained by Libellants by reason of some type of fumigation which it is claimed the City of Galveston gave certain grain being loaded by Libellants as Stevedores into the Steamship Lipscomb Lykes. It is alleged that each of the Libellants has filed with the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, Title 33, § 901 et seq., U.S.C.A., a notice or statement of his election to sue the City of Galveston instead of claiming compensation against the Stevedoring Company. It is also alleged that the Texas Employers' Insurance Association has made certain weekly compensation payments and furnished certain hospital benefits to Libellants because of their injuries and pursuant to the provisions of said Longshoremen's and Harbor Workers' Act, and such Texas Employers' Insurance Association is made a party. At a Pre-Trial Hearing, it was stated that such Insurance Association should and would be regarded as a Libellant and grouped with Libellants, instead of a Respondent, etc.

The City of Galveston has filed in the case a Cross Action against the Southern Stevedoring Company, Inc., seeking to hold it liable for and to recover from it such sums of money as Libellants may

246

recover from the City of Galveston. Such Stevedoring Company has moved to dismiss such Cross Action, and this is a hearing of such Motion under Local District Court Rule 25. While neither in such Cross Action nor in the Motion to Dismiss is it clearly set forth that Libellants are employed by Stevedoring Company and are covered by the Longshoremen's and Harbor Workers' Act, it is so recognized and undisputed in the Briefs.

There is presented, therefore, the question of whether a third person (City of Galveston) who is sued in tort by an employee (Libellants) may under such Longshoremen's and Harborworkers' Act in turn sue the employer (Stevedoring Company) for reimbursement or contribution, etc.

The question seems not to have been decided by the Supreme Court of the United States. The City of Galveston points to American Stevedores, Inc., v. Porello et al., 330 U.S. 446, 447, 67 S.Ct. 847, 91 L.Ed. 1011. In that case, however, the liability asserted against the Stevedoring Company was contractual.

A similar question involving the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., was decided by the Texas Commission of Appeals, West Texas Utilities Co. v. Renner, 53 S.W.2d 451, 456, but the opinion as worded is not convincing. But the recent case of Slattery v. Marra Bros., 186 F.2d 134, involving the New Jersey Workmen's Compensation Act, N.J.S.A. 34:15–1 et seq., is convincing.

The question has not been decided by the Court of Appeals of this Circuit, but Stevedoring Company strongly relies upon American Mutual Liability Insurance Co. v. Matthews et al., 2 Cir., reported in 182 F.2d 322, 323. There is little, if any, difference between that case and this case, and upon the authority of that case and many which follow it, the Motion of Stevedoring Company to Dismiss the Cross Action of the City of Galveston will be sustained.

Let appropriate Order be drawn and presented.