**BAIRD v. JOHN McSHAIN, Inc. (Battista et al. third-party defendants).**

Civ. No. 896–52.

United States District Court, District of Columbia

Dec. 1, 1952.

Thomas S. Jackson, of Washington, D. C., for defendant and third-party plaintiff.

Paul R. Connolly, of Washington, D. C., for third-party defendants.

HOLTZOFF, District Judge.

The motion of the third-party defendants for a directed verdict presents a question of law, namely, whether the right of contribution as between joint tort-feasors should be extended to apply as against a joint tort-feasor who is the employer of the injured party and who carries, for the benefit of the injured party, workman's compensation insurance required by law.

At common law there was no right of contribution as between joint tort-feasors. This rigid rule seemed unfair to many and at times led to injustice. It seems but equitable that if the negligence of two persons caused injury to another, the two should share liability for damages; and that if one has been compelled to pay the entire damages, he should be reimbursed by the other for the latter's share. The modern, progressive tendency, therefore, is to prescribe contribution, either in all or in some cases of this type.

The District of Columbia has gone far along this line of progress. In Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662, the United States Court of Appeals for this circuit adopted, without exception or reservation, the rule that when parties are not intentional or willful wrongdoers, but are made so by legal inference or intendment, contribution may be enforced as between joint tort-feasors. No distinction is made as between so-called "active" and "passive" negligence. In other words, contribution as between joint tort-feasors is permitted in every case, with the exception of a situation in which the parties are willful or intentional wrongdoers. For example, if two parties participate in an intentional assault and battery, it is to be presumed that under this rule there will be no contribution as between them. On the other hand, in cases of negligence, contribution is to be permitted in every case as between joint-feasors.

The question presented here, however—and it is a question that was not touched by the Court of Appeals in the Knell case—

is whether an exception should be carved out for a situation in which the employer of the injured party carries workmen's compensation insurance which covers both the injured party and the injury sustained by him. Primarily it is necessary to have recourse to the statute governing these matters. The Longshoremen's and Harbor Workers' Compensation Act, U.S.C.A Title 33, § 901 et seq., constitutes the workmen's compensation act for the District of Columbia. Section 905 provides that the liability of an employer prescribed by the act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death". An exception is added, which is not material in this action.

In Liberty Mutual Insurance Co. v. Vallendingham, D.C., 94 F.Supp. 17, 18, I had occasion to pass upon the question here involved, and held that the release from liability provided by the statute covers the claim of any person whatsoever on account of injury or death, and that, therefore, a claim for contribution against an employer insured under the act does not lie. Counsel urge me to review the question anew, and this I have done.

It will be observed that the provision of the act is unequivocal and liberates the insured employer from any obligation of any kind on account of injury or death sustained by an employee covered by insurance. I said in the Vallendingham case that, "it seems necessarily to follow, therefore, that the release provided by the statute is broad enough to cover claims for contribution based on the contention that the employer is a joint tort feasor."

It might suffice to rest on the clear, unambiguous words of the statute. If the words of a statute are susceptible of only one meaning, there is nothing to construe. It seems useful and pertinent, however, to note that the view that follows from the wording of the statute is also in accord with the policy of workmen's compensation statutes. Prior to their adoption, an em-

ployer was liable to an injured employee only on the basis of negligence. The plaintiff had to establish negligence, and the employer could rely on contributory negligence and other common law defenses to meet the claim of the injured worker. Thus many industrial accidents resulted in injuries that were not redressed. Numerous individual calamities created a crying social problem.

Beginning with the second decade of this century, the various States and the Federal Government revolutionized the system of compensating injured employees, by substituting a system whereby the employer guarantees compensation for every injury sustained by an employee in the course of his employment and arising out of the employment. Fault is no longer the basis for recovery of compensation. The mere fact of injury, under the new system, gives rise to a duty to pay compensation. In exchange, however, the amount of compensation is fixed by statute, on a moderate scale, and the employer is absolved from any further liability. If the injury is caused by the negligence of a third party, the act preserves the right of the employee to sue the latter.

If the employer were made liable to contribution to the third party, if both the third party and the employer were negligent, the result would be to deprive the employer of a part of ⁖⁖ protection that the statute extends to him. A consequence would be to create a serious breach in the wall with which the act surrounds the employer in exchange for his guarantee of compensation to any of his employees injured in an industrial accident, irrespective of the employer's fault. Moreover, to allow contribution in such cases would lead to an incongruous result. If the employer alone is guilty of negligence, no liability in tort attaches to him, if he carries workmen's compensation insurance. If, however, another person is also guilty of negligence that contributes to the injury, the employer would be required to pay a proportionate share of damages recovered in a tort action. There is no logical basis for such a distinction. It would make the employer liable if he is negligent along with one or more other persons, but free of liability if he alone is negligent.

My decision in the Liberty Mutual Insurance Co. case was followed in this district by Judge Keech, in Coates v. Potomac Electric Power Co., D.C., 95 F.Supp. 779. It was likewise followed by Judge Tamm, in an unreported decision. The Court of Appeals for the Second Circuit reached the same conclusion in American Mutual Liability Ins. Co. v. Matthews, 182 F.2d 322, at page 324. There the court made the following statement:

"To impose a non-contractual duty of contribution on the employer is *pro tanto* to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees."

The same principle was applied more recently in the Second Circuit, in an opinion written by Judge Learned Hand, Slattery v. Marra Bros., 186 F.2d 134, 138.

The Court of Appeals of Maryland, likewise, reached the same result, Standard Wholesale Phosphate & Acid Works v. Rukert Terminals Corp., 193 Md. 20, 65 A. 2d 304.

It is said that the Court of Appeals for the Ninth Circuit arrived at the opposite result. Even if that were the case, I would be inclined to adhere to my prior view and to follow the Second Circuit and the State of Maryland on this point. As a matter of fact, however, I do not read the case cited, United States v. Rothschild International Stevedoring Co., 183 F.2d 181, as placing the Ninth Circuit in opposition to the Second. In that case the point here raised was not passed upon. In fact it was not even mentioned. The case was decided on an entirely different issue.

▇ There is no decision on this point by the Court of Appeals for the District of Columbia. True, in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, a case which deals with an entirely different subject-matter, the question here involved was mentioned in passing. The remark was obviously *obiter* and

cannot be considered as an authority. Moreover, the court cites a district court decision from the Second Circuit which was later overruled by the decisions of the Court of Appeals for the Second Circuit to which reference has been made.

■ This Court, therefore, reaches the conclusion that an exception should be carved out from the general rule permitting contribution as between joint tort-feasors, to the extent of exempting from the obligation to make contribution any employer who carries workmen's compensation insurance which covers the injured party and the accident out of which the injury arose.

In view of these considerations, the Court will grant the motion of the third-party defendants for a directed verdict.