**HILL LINES, INC., a Texas corporation, Appellant,**

v.

**PITTSBURG PLATE GLASS COMPANY, a corporation, Appellee.**

**No. 4993.**

United States Court of Appeals, Tenth Circuit.

March 16, 1955.

Roy F. Miller, Jr., Albuquerque, New Mexico (Merritt W. Oldaker, Albuquerque, New Mexico, was with him on the brief), for appellant.

A. H. McLeod, Albuquerque, New Mexico (W. A. Keleher and J. C. Ryan, Albuquerque, New Mexico, were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH, Circuit Judge, and SAVAGE, District Judge.

MURRAH, Circuit Judge.

This is an appeal from an order granting a summary judgment in favor of third-party defendant, Pittsburgh Plate Glass Company. Its employee, Jesus Sanchez, received serious injuries in the course of his employment while helping to unload a truck owned by Hill Lines, Inc. at Pittsburgh's docks. Sanchez, who had received compensation under the provisions of the New Mexico Workmen's Compensation Act, § 57–901 et seq., Laws 1929, and supplemented by Laws 1937, and Hartford Accident and Indemnity Company, Pittsburgh's insurance carrier, as subrogee, instituted an action for damages and indemnity against Hill Lines, Inc., alleging negligence on the part of Hill Lines and its agents and employees in unloading and maintenance of its truck and contents.

Hill Lines then filed a third-party complaint against Pittsburgh, seeking indemnity and contribution for any sums it might have to pay under the

original action. It sought indemnity on the grounds that Interstate Commerce Commission rules, regulations and tariff provisions created a special legal relationship between it and Pittsburgh under which Hill Lines' employees became special employees of Pittsburgh; that Pittsburgh had assumed and was under a duty toward Hill Lines, and all special employees, including its own employee Sanchez, to unload the truck in a careful and prudent manner; that Sanchez' injuries were proximately caused by negligence of Pittsburgh's special employees in unloading and maintenance of the truck and its contents. In the alternative, it sought contribution on the grounds that Pittsburgh and Hill Lines were in any event joint tortfeasors to Sanchez, and Pittsburgh was liable to Hill Lines in accordance with New Mexico law.

Pittsburgh denied all liability and moved for summary judgment on the ground that its liability for injuries to its employee was limited by the exclusive provisions of the New Mexico Workmen's Compensation Act and it is therefore not liable to Hill Lines either for contribution or indemnity.

The trial court based its summary judgment on two conclusions: first, that no contractual relationship was shown between Pittsburgh and Hill Lines warranting indemnity; and second, the New Mexico Workmen's Compensation Act pre-empted any third-party action for indemnity or contribution against the employer for liability to his employee as an alleged joint tortfeasor.

Judicial expression has not been consistent on the question of the exclusive effect of the various workmen's compensation and comparable acts upon an employer's liability thereunder, primarily due to the confusion in the cases on the question of whether, in what manner, or under what circumstances an employer may become liable to contribute to or indemnify a third party for sums paid to his employee in satisfaction of their joint liability to such employee.

Some of the cases collected and treated in Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368, allow indemnity to a passively or constructively negligent third person against an actively negligent employer even in the face of the exclusionary provisions of the workmen's compensation or comparable acts. See American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946; Rich v. United States, 2 Cir., 177 F.2d 688; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567. In the Peak case we also alluded to cases holding that workmen's compensation or comparable acts do not insulate an employer from liability to a third party resting upon a contractual obligation to indemnify such third party for liability incurred to the employer's employee. Those cases are predicated upon the proposition that the contractual liability of the employer to the third party is wholly independent from liability to the employee arising out of the injury and is therefore not within the exclusionary provisions of the acts. See Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784; American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 75 S.E.2d 768.

We sustained the trial court in the Peak case on the twofold ground that in the first place under the pleadings the parties were joint tortfeasors as to whom there could be no contribution under the well-known common law rule prevailing in Oklahoma; and in the second place, since the asserted liability was not based upon an independent contractual duty or obligation, it was barred by the exclusionary provisions of the Oklahoma Workmen's Compensation Act. 85 O.S.1951 § 12. We did not, therefore, reach the question whether contribution was recoverable from a joint tortfeasor under the laws of a state specifically providing therefor, as in New Mexico. § 21–118 N.M.S.A.1941 Comp.1951 Supp.

Relying upon those cases which recognize and sustain the right to recover on a wholly independent legal relationship, Hill Lines takes the position that the pleaded I.C.C. rules, regulations and tariffs created an independent contractual relationship between it and Pittsburgh to protect Hill Lines by indemnification for negligent acts of its employees who had become special employees of Pittsburgh; and in any event, the New Mexico Workmen's Compensation Act does not purport to affect the long-existing law in New Mexico requiring contribution among joint tortfeasors, particularly when the employer is actively negligent toward its own employees.

We first consider whether the New Mexico Workmen's Compensation Act abrogates the New Mexico joint tortfeasor's contribution act. While the New Mexico courts have not construed these acts in relation to each other, it is difficult to conceive of language more explicitly definitive of the employer's liability for contribution on account of covered injuries of its employees than that in the workmen's compensation act. It prescribes that "any employer who has elected to and has complied with the provisions of this act * * * shall not be subject to any other liability whatsoever for the * * * personal injury to any employee, except as in this act * * * provided; and all causes of action * * * and all statutory and common-law rights and remedies for and on account of such * * personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this act * * * provided." Section 57–905, Laws 1937, ch. 92, § 3, p. 231. Section 57–906 provides that, "The right to the compensation provided for in this act * * * [is] in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury * * *." Laws 1937, ch. 92, § 4, p. 231.

A construction of emphatic words protecting the employer from "any other liability whatsoever" to "any and all persons whomsoever" for "personal injury to" his employee, to require contribution to a third person for the injuries covered by the act, as urged by Hill Lines, would render the words of exclusion meaningless, and dissipate the purpose of the act to grant immunity to the employer in exchange for his absolute, though limited, liability to secure compensation to his employees. See American Mutual Liability Ins. Co. v. Matthews, supra; Hunsucker v. High Point Bending & Chair Co., supra; Baltimore Transit Co. v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460, with Annotation 156 A.L.R. 467. We are convinced that the New Mexico courts would construe the workmen's compensation act to abrogate or modify the tortfeasor's act to the extent that it has application to the liability of an employer to an employee. If, therefore, the basis for Pittsburgh's liability is the injuries to its employee, it is limited by the workmen's compensation act, and there can be no contribution.

The ultimate question, then, is whether the pleaded I.C.C. rules, regulations and tariffs create an independent liability in Pittsburgh to indemnify Hill Lines quite apart from any joint liability they might have toward Sanchez on account of his injuries. In the original complaint Sanchez alleged active and independent negligence on the part of Hill Lines. In its third-party complaint Hill Lines alleged in substance and effect that the I.C.C. rules, regulations and tariffs placed sole responsibility in Pittsburgh for any negligence in unloading the truck resulting in injuries to Sanchez; that Pittsburgh owed a duty both to Sanchez and Hill Lines to unload the truck in a prudent manner.

The most that can be said of Hill Lines' theory is that by virtue of the contractual relationship between Hill Lines and Pittsburgh with respect to unloading the truck, Pittsburgh became solely liable to its employee for his injuries. The answer is that if Pittsburgh

**858**

is either solely or jointly liable for those injuries, its liability is limited by the workmen's compensation act. The result is the same. In either event, the workmen's compensation law operates to insulate Pittsburgh from liability to Hill Lines.

We have no doubt of the constitutional power of the legislature to insulate an employer subject to a workmen's compensation act from all other liability to an employee arising out of a covered injury, including the right of a third party joint tortfeasor to contribution even though it may cut across equitable considerations. Coates v. Potomac Electric Power Co. D.C., 95 F.Supp. 779.

The judgment is affirmed.