**Lester J. McCORMICK, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant (MAYTAG AIRCRAFT CORPORATION, Third Party Defendant).**

**Civ. A. No. 8581.**

United States District Court
S. D. Texas, Houston Division.

Aug. 16, 1955.

Donald H. Yarborough, Houston, Tex., for plaintiff.

Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for defendant.

Baker, Botts, Andrews & Shepherd, Houston, Tex. (Alvin M. Owsley, Jr., Houston, Tex.) and Vinson, Elkins, Weems & Searls, Houston, Tex., (Thomas Weatherly), Houston, Tex., for third party defendant.

CONNALLY, District Judge.

The action is one under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2674 and 2680. The plaintiff alleges that at all material times he was an employee of Maytag Aircraft Corporation, the third party defendant ("Maytag" hereafter). This employer was engaged in performance of its contract with the United States Government whereby it refueled, serviced, and maintained military aircraft at Ellington Air Force Base, in this District and Division. Plaintiff alleges that while engaged in the performance of his duties for Maytag, at a location upon a concrete apron used for the parking and servicing of such planes, which area was under the exclusive control of the military authorities of the United States, he slipped upon a quantity

of oil on the concrete surface, and, in falling, sustained the injuries made the basis of the action.

The United States, as third party plaintiff, seeks to recover full indemnity or, alternatively, a contribution from plaintiff's employer, Maytag, upon either of two theories of action. First, the United States points to a provision of its contract with Maytag which it contends constitutes an indemnity agreement; and, secondly, contends that Maytag was responsible for having created the dangerous condition, and so was an active wrongdoer, while its own negligence, if any, was passive; and hence it is entitled to indemnity or contribution upon common-law principles.

It further appears from the pleadings of the parties, and apparently is without dispute, that Maytag was entitled to be, and was, a subscriber under the Employers' Liability Act of the State of Texas; that plaintiff heretofore made claim for, and received, substantial benefits from Maytag's compensation insurer. The basis of the present motion to dismiss is Maytag's contention, first, that the contractual provision in question may not be construed as imposing liability on it to indemnify the Government against the consequences of its own negligence; and, the contract aside, as a subscribing employer, it is not liable for indemnity or contribution when it would not have been directly liable to the plaintiff. In my opinion, the motion is well taken and should be sustained.

The contractual provision, which the Government contends imposes the obligation to indemnify, reads as follows:

"Section VII—Liability to third persons

"(a) With respect to any Government-furnished product, equipment or facilities, the Contractor shall bear the risk of liabilities for, and shall hold the Government harmless against claims on account of, bodily injury or death of persons and damage to property of the Contractor and others arising out of or in any way connected with the operation, use, possession or handling of the product, equipment or facilities by the Contractor.

"(b) The Contractor shall procure and maintain at its own expense, Workman's Compensation and Employer's Liability Insurance, and General Liability Insurance for bodily injury and property damage to third parties, both in an amount adequate to cover the risks assumed by the Contractor under this Section. Such insurance contracts shall be subject to review and approval by the Contracting Officer.

"(c) This Section does not apply to Government-owned and/or chartered aircraft."

█ In my judgment, the language cannot be so construed. It is settled law that indemnity agreements are strictly construed against those who claim to be the indemnitee. And, before such a provision will be construed as affording indemnity against one's own negligence, such an intention must be clearly spelled out in unmistakable terms. Wallace v. U. S., D.C., 16 F.2d 309, affirmed 9 Cir., 18 F.2d 20; Southern Bell Tel. Co. v. Meridian, 5 Cir., 74 F.2d 983; Employers Cas. Co. v. Howard P. Foley Co., 5 Cir., 158 F.2d 363; Mostyn v. Delaware L. & W. R. Co., 9 Cir., 160 F.2d 15; Halliburton Oil Well Cementing Co. v. Paulk, 5 Cir., 180 F.2d 79. Nowhere does the contract in question spell out in clear and unmistakable terms any obligation of Maytag to hold the Government harmless from the consequences of its own negligence, at the suit of third persons.

█ But, rules of construction aside, it does not appear that the plaintiff's action is of such nature as to come within the contractual provision. From his allegations, it is one to recover from the Government on the theory that it breached its duty to him as an invitee in failing to furnish him a reasonably safe place to work. The negligence charged

Is the failure of the Government to inspect the premises, and to ascertain the danger, and in permitting it to remain. Such an action hardly may be characterized as one "arising out of or in any way connected with the operation, use or possession or handling of the product, equipment or facilities (of the Government) by the Contractor".

■■ The Government's case on common-law theories stands no better. It is elementary that under terms of the Workmen's Compensation Act of this State, Maytag, as a subscribing employer, is protected from liability for injury to the plaintiff which may flow from Maytag's negligence or that of its employees.[1] This defense, available to Maytag in the event of suit against it by McCormick, likewise is available in an action for contribution or indemnity by the Government, if and when cast in damages for McCormick's injuries. The Government has cited no authority allowing recovery under these circumstances. In the opinion by the Commission of Appeals in West Texas Utilities Co. v. Renner, 53 S.W.2d 451, 456, there is found the statement, dealing with a similar fact situation, that the employer "could not be compelled to pay indirectly when no liability existed to pay directly". This statement, however, was not necessary to a disposition of the case. Despite the dearth of clear authority under the Texas Workmen's Compensation Act, the rule, as stated by the Commission of Appeals, seems clearly established under similar statutes. For example, under the Longshoremen's and Harbor Workers' Compensation Act,[2] which contains a similar exemption of the employer from liability for negligence at the instance of the injured employee, he likewise is exempt from claims for contribution and indemnity at the hands of allegedly negligent third persons. Hill v. City of Galveston, Tex.Civ.App., 241 S.W.2d 229; Miranda v. City of Galveston, D.C., 98 F.Supp. 245; American Mut. Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Baird v. John McShain, Inc., D.C., 108 F.Supp. 553. For similar holdings under other comparable statutes, see Slattery v. Marra Bros., 2 Cir., 186 F.2d 134 (New Jersey Compensation Act, N.J.S.A. 34:15–7 to 9); Baltimore Transit Co. v. State, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460 (Maryland Compensation Act), and see annotation 156 A.L.R. 467; and see Brown & Root v. U. S., D.C., 92 F.Supp. 257 (U.S. Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.). To the contrary, see Westchester Lighting Co. v. Westchester Co., 278 N.Y. 175, 15 N.E. 2d 567.

From the foregoing, it appears that if in fact the United States be liable to plaintiff, it will not be entitled to indemnity or contribution from his employer, the third party defendant, under either of the theories asserted. The third party action should be dismissed, for failure to state a claim upon which relief can be granted.

Clerk will furnish counsel of record a copy of this memorandum. Counsel will present appropriate order within ten days.

---

1. Sec. 3, Art. 8306, V.A.C.S.

"The employés of a subscriber and the parents of minor employés shall have no right of action against their employer * * * for damages for personal injuries, * * * but such employés and their representatives and beneficiaries shall look for compensation solely to the association (workmen's compensation insurance carrier), as the same is hereinafter provided for."

2. 33 U.S.C.A. §§ 901–950.