Milton J. SCHLOSS, Executor of the Estate of Dan A. Collier, deceased, Appellant,

v.

Rolando J. MATTEUCCI, Administrator of the Estate of Ivan R. Spong, deceased, Appellee.

No. 5921.

United States Court of Appeals Tenth Circuit.

Oct. 9, 1958.

Robert Nordhaus, Albuquerque, N. M., for appellant.

Milton S. Seligman, Albuquerque, N. M., amicus curiæ.

James C. Ritchie and Jackson G. Akin, Albuquerque, N. M., for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

The estate of one of the passengers on a Transworld Airlines regularly scheduled flight sued the Company and its pilot's estate, alleging that the pilot's negligence caused a crash of the airplane in New Mexico in which all passengers and crew perished. At the time of the disaster, a New Mexico statute provided that whenever a person shall die from the negligence of an employee while driving a public conveyance, the owner of such public conveyance shall forfeit and pay for every person so dying the sum of $10,000. § 22–20–4, N.M.S.A.1953.[1]

This court and the New Mexico Supreme Court have construed this statute to exclude any liability of the negligent employee for the wrongful death. Tilly v. Flippin, 10 Cir., 237 F.2d 364, and In re Reilly's Estate, 63 N.M. 352, 319 P.2d 1069. Following this construction, the trial court awarded the statutory amount against the Airline, and dismissed the action against the pilot's estate.

On this appeal from the judgment of dismissal, the appellant accepts the construction placed upon the statute by the court, but earnestly contends that so construed, it is repugnant to the equal protection clauses of the federal and state constitutions.

One argument is that it is unconstitutionally discriminatory to deny a right of action for wrongful death against a negligent employee of a public conveyance, while granting the right against other negligent employees, under New Mexico's conventional wrongful death statute. § 22–20–1, N.M.S.A.1953. Another equal protection objection to the statute (presented amicus curiæ) is that conceding the constitutional power of the legislature to distinguish between liability of employees of public conveyances and others for wrongful death, the classification here must nevertheless fail because the Act unconstitutionally relieves a negligent operator of a public conveyance of all liability for wrongful death, while leaving him liable for personal injuries not resulting in death. This classification is said to serve no legitimate legislative purpose and is therefore without constitutional basis or justification.

██ Historically, and especially in later times, the federal courts have been extremely reluctant to strike down state legislation as a denial of the equal protection of the laws, except in cases involving civil rights. In cases like ours, the federal courts interfere with state legislative processes only when there is no ascertainable basis for rational classification or discrimination. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485. Classifications have been made to rest upon an almost infinite variety of facts and circumstances. See Willoughby on the Constitution of the United States, 2d Ed., § 1273; 12 Am.Jur., Constitutional Law, § 476 et seq. "The prohibition of the Equal Protection Clause goes no further than the invidious discrimination." Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 75 S.Ct. 461, 465, 99 L.Ed. 563. Protection against unwise and improvident legisla-

---

1. Since this accident, New Mexico has removed the fixed sum penalty, and provided for conventional compensatory and exemplary damages in "such sum as a jury may deem fair and just * * *."

tion lies in the exercise of the suffrage right, not in the courts. "We do not 'sit as a super-legislature.'" Dissenting opinion, Colgate v. Harvey, 296 U.S. 404, 441, 56 S.Ct. 252, 264, 80 L.Ed. 299, quoted by Mr. Justice Frankfurter, dissenting in Morey v. Doud, supra [354 U.S. 457, 77 S.Ct. 1355].

We need not go far in our search for a rational basis for this legislative classification. Looking first to the legislative scheme and design, it is readily apparent that the legislature intended to provide a fixed sum recovery for wrongful death caused by the negligence of a common carrier's employee, and this without regard to compensatory or pecuniary loss. Indeed, the appellant does not now challenge the constitutionality of the act insofar as it provides a fixed sum recovery for the liability of the owner of a public conveyance. And see De Soto Motor Corp. v. Stewart, 10 Cir., 62 F.2d 914.

Having thus afforded a fixed penalty against the carrier for wrongful death, it is not a denial of the equal protection of the law for the legislature to provide that such sum should be exclusive of all other liability for wrongful death, thereby precluding recovery against the negligent employee. It is not constitutionally unlike workmen's compensation acts, which provide fixed sums for employers' liability to employees and make that recovery exclusive of all other liability to whomsoever. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; New York Central Railroad Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667; Hill Lines, Inc., v. Pittsburg Plate Glass Co., 10 Cir., 222 F.2d 854; Underwood v. United States, 10 Cir., 207 F.2d 862. Both are intended to effect a definitely ascertainable legislative design.

Since the relief of public conveyance employees from liability for wrongful death was a part of the legitimate legislative scheme, it is not constitutionally objectionable for the legislature to leave them liable for negligent acts causing nonfatal injuries. This challenged result is entirely consistent with the unlimited liability of the employer for the same nonfatal negligent acts. Considered together, each facet of liability fits permissively into the symmetry of the legislative scheme, and is not constitutionally infirm.

The judgment is affirmed.