William Larry **COLEMAN**

v.

**GENERAL MOTORS CORPORATION,** d/b/a GM Assembly Division, Defendant and Third-Party-Plaintiff,

v.

**CORN BROTHERS, INC.,** Third-Party-Defendant.

**Civ. A. No. C74-523A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 20, 1974.

signed by defendant to supervise the installation of the equipment. The defendant has filed a third-party complaint against the plaintiff's employer, Corn Brothers, Inc., based on contractual indemnity, common law indemnity, and contribution. Third-party defendant, Corn Bros., now files a motion for partial summary judgment on the basis of third-party plaintiff, General Motors', contentions as to. common law indemnity and as to contribution. For purposes of this motion, third-party defendant shows that plaintiff was an employee of third-party defendant acting within the scope of his employment at the time in question, and that he has been compensated under the Georgia Workmen's Compensation laws. General Motors does not dispute these facts.

Third-party defendant relies on Central of Georgia Ry. Co. v. Lester, 118 Ga.App. 794, 165 S.E.2d 587 (1968), and O'Steen v. Lockheed Aircraft Corp., 294 F.Supp. 409 (N.D.Ga.1968), adopted as the decision in *Lester*, which held that where an injured employee who has been paid workmen's compensation benefits sues in tort against a third party who allegedly caused or contributed to the injuries, then that third party may not bring a third-party action against the injured employee's employer based on common law indemnity or contribution. Third-party plaintiff, General Motors, first tries to distinguish *Lester* upon its facts contending that *Lester* dealt with a situation where the third-party plaintiff attempted to offer a substitute defendant and secondly contending that the *Lester* reasoning is unconstitutional.

The reasoning of *Lester* and *O'Steen* is not limited as General Motors contends but rather reveals a widely adhered-to rule. *See* Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970); General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968); Anthony v. Norfleet, 330 F.Supp. 1211 (D.D.C.1971); Scott v. Crescent Tool Co., 306 F.Supp. 884 (N.D.Ga.1969).

Carl Fredericks of Fredericks, Jones & Wilbur, Marietta, Ga., for plaintiff.

Andrew J. Hamilton of Neely, Freeman & Hawkins, Atlanta, Ga., for defendant.

N. Forrest Montet and Malcolm P. Smith, Atlanta, Ga., for third-party defendant.

## ORDER

O'KELLEY, District Judge.

In this action plaintiff seeks damages for injuries he allegedly received while working for his own employer, Corn Brothers, Inc., while installing equipment in the plant of defendant General Motors Corporation. Plaintiff alleges defendant is liable because of instructions negligently given by one of the defendant's employees who had been as-

The idea is that workmen's compensation has removed completely the employer's tort liability for his employee's injuries. With such liability removed no action may be maintained under common law indemnity or contribution. This principle is not limited to workmen's compensation cases but also applies in cases of interspousal immunity—e. g., a tortfeasor cannot sue the jointly negligent husband of an injured wife for contribution. Southern Ry. Co. v. Brewer, 122 Ga.App. 292, 176 S.E.2d 665 (1970).

Without even considering the holding as it relates to workmen's compensation issue, *Lester* also seems to foreclose General Motor's recovery on the issue of common law indemnity. There is no showing in the record of any legal relationship or circumstances which would make General Motors responsible for Corn Bros.' alleged negligence. The applicable principle of indemnity is stated in the Restatement of the Law Restitution, quoted partially in *Lester:*

> A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other.

Restatement of Restitution § 76 (1937). To put General Motors within the ambit of this concept, first it must owe a duty and have discharged such to plaintiff, and, second, there must exist some circumstance so that the duty of General Motors should have been discharged by Corn Bros. While General Motors denies the first—contending that it was in no way negligent—it need not admit liability to plead indemnity; however, no circumstance is alluded to by General Motors which would satisfy the second requirement above. Of course, third-party plaintiff's pleadings would be sufficient as to this point at the present time since no evidence has been submitted to the contrary; however, the *Lester* holding relative to the payment of workmen's compensation as positively removing any further duty in tort for which it could be liable forecloses any General Motors' attempt to state a claim under common law indemnity. Similarly, *Lester* and *O'Steen* foreclose General Motors from stating a claim for contribution.

It is General Motors' contention that the *Lester* and *O'Steen* interpretations are repugnant to the United States and Georgia Constitutions—violating due process and equal protection. Various similar rules under state and federal compensation acts have been considered by federal courts and enforced similarly as in *Lester* and *O'Steen*. Although these cases did not consider constitutional attacks, their uniform application of the *Lester* and *O'Steen* principles lends doubt as to the validity of such constitutional attacks. In addition to the cases cited above adhering to the *Lester* and *O'Steen* rule, *see* Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968); United States v. Weyerhaeuser Steamship Co., 294 F.2d 179 (9th Cir. 1961); American Mut. Liability Ins. Co. v. Matthews, 182 F.2d 322 (2nd Cir. 1950); Christie v. Powder Power Tool Corp., 124 F.Supp. 693 (D. D.C.1954).

General Motors cites Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), for the proposition that it is deprived of due process under the United States and Georgia Constitutions, the rationale being, that if under Georgia law General Motors is foreclosed from fully adjudicating its asserted right to contribution or indemnity, it is being denied due process of law. In *Boddie, supra,* the plaintiffs, who were a husband and wife seeking a divorce in the state court, were denied *all* access to the courts because of their inability to pay the required filing fee. Furthermore, the state monopolized the means for dissolving the marital relationship. No such situation is present in the case before the court. Here, contrary to the facts in *Boddie,* there is not a disfranchisement from *all* op-

portunity to be heard, but rather a failure by General Motors to state a claim against Corn Bros., Inc. under the applicable substantive law.

This conclusion is buttressed by the case of Coates v. Potomac Electric Power Co., 95 F.Supp. 779 (D.D.C.1951), where a similar contention of denial of due process was argued by the third-party plaintiff. *Coates, supra,* was concerned with an employer and the plaintiff employee who fell under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., which has been interpreted to have substantially the same effect as the Georgia statute under consideration. The court held that under the Act the employer ". . . is lifted from the category of joint tort-feasor, [thus, the third-party plaintiff] is deprived of the right to contribution which it otherwise might have claimed." *Coates, supra,* at 782. With this, the court stated that ". . . the right to contribution is not a vested right on which legislation may not impinge." *Id.* The court found no denial of due process.

The constitutional issue was also raised in Hill Lines, Inc. v. Pittsburg Plate Glass Co., 222 F.2d 854 (10th Cir. 1955), where the Tenth Circuit said:

We have no doubt of the constitutional power of the legislature to insulate an employer subject to a workmen's compensation act from all other liability to an employee arising out of a covered injury, including the right of a third party joint tortfeasor to contribution even though it may cut across equitable considerations.

*Id.* at 858.

General Motors also contends that it would violate equal protection to deny it the claim against Corn Bros., Inc. It contends that if plaintiff's employer had less than five employees, the employees would not fall under the mandatory provisions of the Workmen's Compensation Act, Ga.Code Ann. § 114–107, thus, the third-party claim could be maintained. Whereas, in this case, Corn

Bros., Inc. has more than five employees so it is under required coverage, thus foreclosing General Motors' third-party complaint. General Motors contends this five employee statutory threshold has the relative wealth of large *vis-a-vis* small employers as its prime underpinning; therefore, the strict judicial scrutiny test in equal protection analysis must be applied.

■ General Motors' contentions relative to this point strain the concept of equal protection. First, in considering classifications based upon wealth, a broad brush claim such as here, assuming that lack of wealth is the thing being discriminated against cannot be made. *See* San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Second, the basic concept embodied in the denial of equal protection to a discriminated class based on wealth is that the classification must discriminate *against the poor.* Where classifications based on wealth have been stricken down, the Court has not dealt with relative wealths but with *indigents.* Where the classifications made have had the characteristic of making an indigent unable to pay for some desired benefit, and as a consequence the indigent sustains an absolute deprivation of a realistic opportunity to enjoy that benefit, then the classification with respect to wealth is impermissible. *See* Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *See also* San Antonio School District v. Rodriguez, *supra.* There is no absolute deprivation of a benefit in this case nor is there any question of indigency. Employers with less than five employees may voluntarily elect to be bound by workmen's compensation under Ga.Code Ann. § 114–107, and certainly employers cannot be termed indigent because they

have less than five employees. Also, it might be asked, who is discriminated against in this case because of his poverty? We do not deal here with a case where an employer is subject to a third-party suit because he is too poor to be covered by workmen's compensation, rather we have an employer not subject to such a suit because it is covered by workmen's compensation. General Motors has no standing to complain for an employer with less than five employees not being mandatorily covered and thus not susceptible to a third-party suit for common law indemnity or contribution. General Motors does not fit within this class—this court takes notice of the fact that General Motors employs more than five employees. General Motors' contention in reality boils down to the proposition that because it voluntarily chose to deal with an employer with greater than five employees, thereby mandatorily covered by workmen's compensation, and is sued for its alleged negligence by an employee of such employer, then it is denied equal protection because *if it had* chosen to deal with an employer with less than five employees who did not voluntarily elect to be covered by workmen's compensation, and was similarly sued, then it could maintain a third-party suit. The classification complained of by General Motors then would have to be third-party joint tortfeasors who deal with mandatorily covered employers as one class and third-party joint tortfeasors who deal with employers not mandatorily covered and who voluntarily chose not to be covered as the other class. Such a classification first is not created by the statute and secondly is too tenuous a classification on which to hang an equal protection argument. This court finds no violation of equal protection in the present case.

For the foregoing reasons, third-party defendant, Corn Bros., Inc's motion for summary judgment as to the common law indemnity and contribution claim of third-party plaintiff, General Motors Corp., is granted.