**AMERICAN SAMOA GOVERNMENT and BRENNAN ISAAKO for AASU and AOLOAU CATHOLIC CHOIR, Plaintiff.**

**v.**

**NTV ELECTRONICS and MANAGER NING TAN and KENNY AND HELEN YOUNG, PROGRESSIVE INSURANCE COMPANY, Defendants.**

---

**NTV ELECTRONICS and MANAGER NING TAN, and KENNY and HELEN YOUNG, Cross-Claimants/Cross-Claim Defendants,**

**v.**

**OXFORD/PROGRESSIVE GROUP, et al., Defendants/Cross-Claim Plaintiffs.**

High Court of American Samoa
Trial Division

CA No. 74-00

March 19, 2001

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Albert Mailo, Attorney General
For Defendants and Cross-Claim Defendants, Paul F. Miller
For Defendants and Cross-Claim Plaintiffs, Roy J.D. Hall, Jr.

## ORDER GRANTING MOTION TO DISMISS

### Facts

Plaintiff American Samoa Government ("ASG") brought this consumer protection action for Plaintiffs Brennan Isaako, acting on behalf of the Aoloau Catholic Choir (collectively "the choir") pursuant to A.S.C.A. §§ 3.0302 and 27.0401 on July 14, 2000. Allegedly, the choir left their Technics Console Organ at Defendant NTV Electronics ("NTV") store on August 11, 1999, to correct its tone, and the store promptly burned down in the evening of the same day. ASG and the choir ask for a judgment over $5,000 against Defendant Ning Tan ("Tan"), as NTV's store manager, Defendants Helen and Kenny Young ("the Youngs"), as principals of NTV, and Defendant Progressive Insurance Company ("Progressive").

NTV, Tan and the Youngs filed their answer and cross-claims on August 9, 2000. The cross-claims alleged that Progressive insured South Star International, Inc. ("SSI"), and the negligence of SSI's employees caused the fire resulting in damage to NTV and Tan. The Youngs may also be principals of SSI, and counsel for NTV, Tan and the Youngs represents SSI in another pending action. See Progressive Ins. Co. v. S. Star Int'l, Inc., 4 A.S.R.3d 147 (Trial Div. 2000). SSI has not been joined as a

74

party to this case.

Progressive filed its answer and cross-claim on August 24, 2000. The cross-claim seeks indemnity against NTV and Tan, if Progressive is held liable to ASG and the choir. NTV, Tan, and the Youngs filed a motion to dismiss this cross-claim on September 8, 2000. Next, Progressive filed a motion for protective order related to discovery proceedings initiated by counsel for NTV, Tan and the Youngs, as well as for T.C.R.C.P. 11 sanctions against him. NTV, Tan and the Youngs then filed a motion for Rule 11 sanctions against Progressive's counsel. The motion to dismiss is the subject of this current order.

## Discussion

Progressive claims that NTV and Tan are liable to the choir for the loss of the organ under the choir's "contract of bailment," where defendants NTV and Tan have a privity of contract with the choir as bailor and bailee. Progressive asks that NTV and Tan indemnify it and pay judgment if the court finds it liable to the choir for loss of the organ.

■ NTV, Tan and the Youngs submitted their motion to dismiss this cross-claim based on the ground that Progressive "[failed] to state a claim upon which relief can be granted." T.C.R.C.P. 12(b)(6). A motion to dismiss for failure to state a claim will be denied unless it appears beyond a doubt that no set of facts can be proven which would entitle the claimant to relief. *Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 134 (Land and Titles Div. 1987); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The pleadings are construed in the light most favorable to the claimant. *Beaver v. Cravens*, 17 A.S.R.2d 6, 8 (Trial Div. 1990); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The burden of proving the absence of a claim rests on the movant. *Moeisogi*, 5 A.S.R.2d at 134; *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

NTV, Tan and the Youngs assert that Progressive has failed to state a claim on which relief can be granted, because it "lacks standing to assert any contractual claim, and, having suffered no loss, is not entitled to assert a claim based on tort." This argument very obliquely asserts the relevant law, but is essentially correct.[1]

---

[1] The motion to dismiss by NTV, Tan and the Youngs' motion involves extraneous and irrelevant citations regarding the relationship between a corporation and stockholders, which frankly baffles the court, in addition to citing Rule 12(b)(6) and making the general statement above. We choose to construe the pleading so as to "do substantial justice" according to our Trial Court Rules, rather than prejudice NTV, Tan and

■ T.C.R.C.P. 13(g) permits parties to assert cross-claims, defined by "any claim by one party against a co-party" arising out of the same transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein, or that relates to any property that is the subject matter of the original action. *See also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1431 (2d ed. 1990). T.C.R.C.P. 8(a) further requires claims to consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Because of Rule 8(a), the federal courts have held that "Rule 13(g) is not a general provision for indemnity or contribution. It is a procedural device for facilitating *affirmative* claims for relief among co-parties to a lawsuit." *Conn. Gen. Life Ins. v. Universal Ins. Co.*, 838 F.2d 612, 623 (1st Cir. 1988).

■ It is not sufficient for the cross-claim to merely allege blamelessness and lack of liability against the opposing party's claim. A claimant must present a claim for affirmative relief against its codefendant, not merely facts relieving it from liability for plaintiff's claim, in order to avoid subjecting the cross-claim to dismissal by the court. *Conn. Gen. Life Ins*, 838 F.2d at 623; *Jones v. Ill. Dep't of Rehab. Services*, 689 F.2d 724, 733 (7th Cir. 1982); *Wash. Bldg. Realty Corp. v. Peoples Drug Stores, Inc.*, 161 F.2d 879, 880 (D.C.Cir. 1947). A cross-claim thus fails to state a claim, and is subject to dismissal under Rule 12(b)(6), if it merely requests indemnity from a co-party but does not assert a plea for affirmative relief against the co-party.

*Washington Building* involved a personal injury action against a landlord and tenant, where the defendant tenant cross-claimed against the defendant landlord, alleging that plaintiff's injury occurred in a public passageway maintained by the landlord. 161 F.2d at 879. The Court dismissed this cross-claim, holding that these facts may relieve the claimant tenant from any liability for plaintiff's claim, but they do not constitute a claim for affirmative relief against the co-defendant. *Id.* at 880. The Court stated that:

> [Claimant] alleges facts that relieve it of any and all liability for plaintiff's injury and it makes [codefendant] solely responsible for the plaintiff's injury. It is not alleged that the parties are jointly liable, as a result of which a claim for contribution would arise, nor that [claimant] is only secondarily liable, as a result of which it would have a claim for indemnity, nor that there is a contract between [claimant] and [codefendant] which would entitle [claimant] to complete

the Youngs by dismissing it due to the maladroit arguments of their attorney. T.C.R.C.P. 8(f).

> indemnity. In short, in its cross-claim [claimant] has alleged only facts that constitute as to it a complete defense to the original tort action, and nothing constituting a claim against [co-defendant].

*Id.* This statement clarifies what constitutes a claim for affirmative relief, rather than a simple conclusory statement of entitlement to indemnity.

■ The cross-claim in this case is similar to *Washington Building* in that Progressive argues for indemnity from co-defendants NTV and Tan based, not on its own obligations or duties with those co-parties, but rather on those co-parties' duties to the choir. Cross-claims for indemnity are permitted. *Gentry v. Wilmington Trust Co.*, 321 F. Supp. 1379, 1383-85 (D. Del. 1970). Indeed, cross-claims for indemnity must be timely made where they are available. *Martell v. Boardwalk Enter., Inc.*, 748 F.2d 740, 749 (2d Cir. 1984). However, in this case, Progressive's request for indemnity is not based on a claim for affirmative relief from NTV and Tan, but rather on the complete defense to the claims of ASG and the choir arising out of NTV and Tan's bailment contract with the choir. The duty of NTV and Tan under the bailment contract extends only to the choir, and not to Progressive. Progressive cannot, therefore, stake a claim for affirmative relief upon the bailment contract. *See Jones*, 689 F.2d at 733.

Because Progressive has failed to state a claim for affirmative relief against a co-party in contravention of the T.C.R.C.P. 8(a) and 13(g) requirements for cross-claims, we will dismiss Progressive's cross-claim against NTV and Tan.

### Order

*The motion to dismiss is granted.*

It is so ordered.